## HENRY HEBERER

*v.*

## MARGARET HEBERER *et al.*

1. JUDICIAL SALE—*inadequacy of price.* Where lands sold under a decree of partition brought very nearly their appraised value, and the proceedings were regular in all respects, and the sale properly advertised, there being no proof of any fraud or misrepresentation, and the purchaser had paid the money required, secured the balance and received a deed, on motion to set the sale aside, it appeared that two persons offered, in case

of a re-sale, to bid $280 more than the land brought at the sale. The court set aside the sale: *Held*, that the court erred in setting aside the sale and ordering a re-sale, the proof failing to show clearly that there had been a sacrifice of the property.

2. Inadequacy of price is not, of itself, sufficient to set aside a judicial sale, unless it is so grossly inadequate as to establish fraud.

3. PRACTICE IN SUPREME COURT—*cross-errors.* Where a judicial sale was set aside on motion in the circuit court, and the report of sale not confirmed, on appeal by the purchaser from such order, the other party can not assign cross-errors attacking the original decree rendered at a prior term, under which the sale was made.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

This was a proceeding by Henry Heberer, the appellant, against Margaret Heberer, widow of George H. Heberer deceased, and Henry Heberer, Adam Heberer, Peter Heberer, and Charles Heberer, minor heirs of said George H. Heberer, for the partition of land. The commissioners appointed to make partition reported that the premises were so circumstanced that a division and partition could not be made without manifest prejudice to the proprietors thereof, and appraised the same at $3720. The decree of sale found that the widow was entitled to hold and occupy, during her natural life, two rooms in the dwelling house as a homestead, etc. The lands were first offered separately, and there being no bids, they were sold *en masse* for $3500. The other facts appear in the opinion of the court.

Messrs. HAY & KNISPEL, for the appellant.

Mr. W. C. KNEFFNER, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

At the March term, 1872, this cause was referred to the master to take proof; and upon the coming in of the report, commissioners were appointed to make partition. At the same term they reported that division could not be made of the

premises, and appraised the land, according to the require-
ment of the statute; and the court thereupon rendered a
decree, finding all the proceedings to have been regular, and
that the allegations of the bill were true, and ordered a sale.

At the August term following, the master made a report
of the sale, from which it appeared that there had been due
advertisement, and that the land had been properly offered
at public auction, and purchased by appellant, to whom a
deed had been executed. The bid was nearly the amount of
the appraisement.

Exceptions were filed to the report of the master, that the
land had been sacrificed; that there was no competition at
the sale; that the appraisement was too low; and a motion
was made to open the bid, and for an order for a re-sale.

Two witnesses testified that the lands were sold at less than
their value, and two other persons offered, in case of a re-sale,
to bid $280 more than the amount bid. The exception that
there was no competition, was not sustained. Another bid
was made besides the one made by the purchaser; other per-
sons were present at the sale; proper advertisement was made;
and the purchaser paid the money required, secured the bal-
ance of the purchase money, and received a deed. There is
no proof of fraud practiced or misrepresentation made.

The only ground for setting aside the sale, is the inadequacy
of price. The proof does not clearly show that there was any
great sacrifice of the land.

Inadequacy of price is not, of itself, sufficient to set aside
a sale, unless it is so grossly inadequate as to establish fraud.
The proof in this case does not warrant the presumption of
fraud. *Comstock* v. *Purple*, 49 Ill. 158; *Duncan* v. *Sanders*,
50 Ill. 475.

The stability of judicial sales requires that the report of
the master should be approved.

This appeal is prosecuted from the order of the court set-
ting aside the sale. This was done upon motion accompanied
with affidavits, and a re-sale was ordered of the premises,

in accordance with the original decree, and in pursuance of the motion made.

Appellees now assign cross-errors, and attack the decree of partition, which was rendered at the term previous to the motion and order appealed from. Upon the mere motion to set aside the sale for the causes set forth, the court below did not and could not regard the irregularities, if any existed, preceding or in the decree to sell. The cross-errors are, therefore, not properly before us for determination. *Dunning* v. *Dunning*, 37 Ill. 306–316.

The decree setting aside the sale is reversed and the cause remanded.

*Decree reversed.*