(No. 23462.—

FRANK N. REED, Appellant, *vs.* ISADOR BEHM *et al.* Appellees.

*Opinion filed October 14, 1936—Rehearing denied Dec. 2, 1936.*

EDWARDS & BLOCK, for appellant.

PAUL MACGUFFIN, and CHARLES P. BARNES, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks the reversal of a decree of the circuit court of Lake county dismissing for want of equity his bill to establish a resulting trust in certain real estate in his favor, or, in the alternative, to enforce an oral contract for the redemption of the property on foreclosure.

Appellant's complaint alleges that on September 9, 1932, the Chicago Joint Stock Land Bank filed its bill to foreclose a mortgage on certain real estate executed by Michael Lenzen and others to secure the payment of $15,000. Appellant, a resident of Chicago, was made and summoned as a party defendant. He held a beneficial interest in the property under a certain deed of trust. On October 5, 1932, appellant had appellee R. W. Churchill, an attorney, enter his appearance in said suit. Churchill testified that this was done to comply with a rule of the circuit court of Lake county that a resident attorney must appear for the purpose

of service of notices. Appellant is a lawyer, and Churchill appears to have had nothing further to do with the suit. Apparently no answer was filed, and on October 17, 1932, a decree of foreclosure and for sale was entered and the premises were on November 13, 1933, sold by the master in chancery. A certificate of purchase was issued to John B. Gallagher, receiver of the Chicago Joint Stock Land Bank. On May 14, 1934, Gallagher assigned that certificate of purchase to appellee R. W. Churchill for the sum of $10,350. On July 20, 1934, Churchill assigned the certificate of purchase to appellees Isador and Anna C. Behm.

The bill charges that at the time Churchill took an assignment of the certificate he did so as appellant's attorney and agent, and when he later assigned the certificate to the Behms he did so with full knowledge of his relationship to appellant and without authority to assign to the Behms. This was one of the controverted issues of fact. The chancellor found that Churchill was not representing appellant when he purchased the certificate, and the record shows by the preponderance of the evidence that he was representing the Behms in that transaction as he did thereafter throughout. Appellant demanded that the Behms convey the premises described in said certificate of purchase to him. He declares in his bill that he is ready, willing and able to pay to the Behms the sum of $11,000, or such amount as the court shall direct, for such deed.

The complaint alleges that later the Behms made an oral agreement with appellant to convey said premises to him for the sum of $12,000 if he should pay for it within thirty days from the date of the promise. It is conceded that there was such an agreement made after the Behms had received the master's deed. This they plead, however, was an oral agreement and was voided by the Statute of Frauds. There is a dispute as to when the thirty days was to begin to run. Appellant charges it was from March 14 while appellees say it was from March 10. Appellant also alleges

in his bill that he was to pay part of the $12,000 and was to have time to pay the balance, while appellees say the agreement was that he was to pay the entire amount either in currency or by certified check within or at the end of the thirty-day period. Appellant in his bill avers that before the end of the thirty-day period he tendered the sum of $1000 and offered to deposit the balance in escrow pending the preparation of a deed from the Behms, but that the latter refused to accept that offer. It is averred in the bill that this agreement was for an extension of the period of redemption. The prayer of the bill is that the Behms be required to convey in accordance with the terms of said agreement, and for further relief.

The answer of the Behms denied that Churchill, as attorney for appellant, purchased the certificate of purchase for his benefit, and averred that in so doing he was acting as agent and attorney for them; that the full consideration therefor was paid by the Behms, and the assignment to Churchill was made for convenience, only, and the latter never had any title or interest therein except as agent and trustee for the Behms. The answer also pleaded the Statute of Frauds, and averred that neither appellees, nor any person for them, ever signed any contract or agreement in writing, nor any memorandum or note in writing, for the conveyance of said premises to appellant, and denied that appellant was entitled to any relief.

The separate answer of appellee Churchill admitted certain allegations of the bill; denied that the relation of attorney and client in said foreclosure suit ever existed between him and appellant; alleges that appellant is a lawyer, with offices in Chicago; that the rules of the circuit court of Lake county require that where an attorney is not a resident of and has no office in Lake county he is required to name in writing some attorney on whom notice may be served; that appellant asked him to, and he did, enter his appearance in said foreclosure suit for the sole purpose that

notices might be served upon him; that appellant gave him no directions as to said suit, and that he performed no services for appellant therein other than the entering of his appearance as aforesaid, and that he received no fee for any service in the suit.

At the close of appellant's testimony the Behms moved that it be stricken as obnoxious to the Statute of Frauds. This motion was denied. On Churchill's motion the case was dismissed as to him.

The chancellor found that appellant had failed to establish any agreement with the Behms; that the equity of redemption had expired and a deed had issued to the Behms before the alleged oral agreement to convey, and that appellant had failed to prove any definite and certain contract not subject to the Statute of Frauds, and dismissed his bill for want of equity.

Appellant contends that the chancellor erred in dismissing the suit as to appellee Churchill for the reason that the latter was his attorney in the foreclosure suit, and the court should have found and decreed that Churchill and his assignees in buying the certificate of purchase held it in trust for appellant and for his benefit and should convey the land to him upon the payment of the amount paid therefor by Churchill, with legal interest, and that it was error to find that appellant had not fully performed his agreement with the Behms to purchase the property in thirty days.

It is conceded that appellee Churchill took the certificate of purchase for $10,500 and that he assigned the same to appellees the Behms. While appellant claims that prior to February 13, 1935, the date the holder of the certificate of purchase was entitled to a master's deed, he secured an agreement of the Behms to extend the time of redemption, such an agreement was not proved. Some conversation between appellant and the Behms was had on January 10, 1935, in which the latter stated that they preferred the money to the land, but there was no agreement that they

would extend the equity of redemption. The evidence does show that after they had received the master's deed they consented to extend the time in which appellant might find a purchaser for the land to April 10, 1935. There was no proof of consideration for this agreement and no proof of performance on the part of appellant. The preponderance of the evidence shows that the Behms on March 10 orally agreed to give appellant thirty days in which to find a buyer or to purchase the property, but to do so he would be required to produce the entire amount by April 10 in currency or certified check. This he failed to do. It is conceded that the only attempt to make a purchase of the premises was on the evening of April 10, 1935. An attorney representing a prospective purchaser tendered to Churchill an uncertified check for $1000, which Churchill refused to accept. There is a conflict in the testimony as to whether there was an offer to place the balance of the money in escrow. It is evident that appellant did not comply with the conditions of the Behms agreement.

There is no merit in appellant's contention that it was error to dismiss the bill of complaint as to appellee Churchill, as no relief was sought against him.

Equally without merit is appellant's contention that the court erred in dismissing his bill for want of equity. The purchaser at the foreclosure sale acquired no interest in the title to the land which during the redemption period remained in the mortgagor or his grantee, but acquired the right only to receive the redemption money if paid by the mortgagor or a judgment creditor within the time limited by the statute, or, in case no redemption is made within fifteen months from the date of sale, to receive a master's deed. (*Sutherland* v. *Long,* 273 Ill. 309.) Assuming that appellant had a right of redemption from the sale, that right terminated twelve months from the date of sale, to-wit, on November 13, 1934. As he was not a judgment creditor he thereafter had no right which he could exercise to pre-

vent the purchaser or his assignee from obtaining a deed. *Sutherland* v. *Long, supra.*

Appellant testified that he learned about September 1, 1934, that Churchill had purchased the certificate of purchase and spoke to him about it. This Churchill admitted, and told appellant that he had purchased it for the Behms. The first time appellant talked to the Behms concerning what he characterizes a redemption of the property, was in January, 1935, some two months after the expiration of his right to redeem, and he did not then offer to pay them any money but sought an additional time to find a buyer for the premises. Appellant is a lawyer, and must have known then that any right of redemption in him had long since expired.

Appellant failed to establish any right to said property by reason of any trust relationship existing between himself and Churchill or his assignees. If appellant had any right of recovery it was by reason of the alleged oral contract for the purchase of the land. If any contract was made it was an oral executory one for the sale of land, made after the Behms had received a master's deed to the premises, and was within the provisions of the Statute of Frauds. The agreement was not performed by appellant, and appellees by their plea relying upon the Statute of Frauds as a defense to the cause of action clearly voided it. (*Ropacki* v. *Ropacki*, 354 Ill. 502; *Stein* v. *McKinney*, 313 id. 84; *Kelly* v. *Fischer*, 263 id. 184; *Koenig* v. *Dohm*, 209 id. 468.) Appellant failed to show such a performance as would exclude an oral executory contract from the provisions of the Statute of Frauds.

The chancellor did not err in dismissing appellant's complaint for want of equity, and the decree of the circuit court of Lake county is affirmed.

*Decree affirmed.*