**Illinois Joint Stock Land Bank of Monticello, Appellee, v. Jonah W. Conard et al., Appellants.**

**Gen. No. 8,999.**

Opinion filed January 15, 1937.

N. E. HUTSON, of Monticello, for appellants.

ROBERT P. SHONKWILER, of Monticello, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Piatt county, approving the master in chancery's report of sale in a foreclosure proceeding. The only issue involved is the question whether the court erred in approving the report of sale of the master in chancery, and in overruling the appellant's objections thereto.

Appellee, plaintiff below, filed its suit to foreclose a first mortgage of $36,000 on 360 acres of land in Piatt county, Illinois. There were also two subsequent mortgages and a judgment lien against the land of appellants. A decree of foreclosure and sale of the land was

entered on the fourth day of March, 1933. The land was advertised for sale on the 26th day of October, 1935, in pursuance of the terms of said decree.

Subsequent to the entry of the decree of foreclosure and before said sale was had, the defendant, Iva Louise Shonkwiler, who had obtained a major interest in the fee simple title to the land in question, filed her petition in the United States Court, Eastern District of Illinois, for benefits under section 75 of the Bankruptcy Act, and procured an injunction restraining the sale so advertised, which injunction was modified on the 22nd day of October, 1935, directing that the foreclosure sale in the circuit court proceed, but restraining the master in chancery from issuing any certificate of purchase until the further order of the federal court, and restraining the circuit court from approving or confirming said sale until further order of said court.

Plaintiff purchased the land at the foreclosure sale for $38,000 on October 26, 1935. On the 7th day of December, 1935, the federal court further modified its restraining order and held that it had no power and authority to extend the period of redemption provided by the law of the State of Illinois, and directed the foreclosure suit to proceed, but retained jurisdiction of the property for the period of the equity of redemption, and directed the plaintiff, who was entitled to said certificate of purchase, not to sell or assign the same.

Defendants Iva Louis Shonkwiler and Jonah W. Conard, her brother, joined in filing unverified objections to the master's report of sale, in which they stated that the land in question was reasonably worth $50,000; that they had in mind bidders who would pay more than the amount bid on the certificate of the plaintiff; that the proceedings in the federal court, which were being carried on by Iva Louise Shonkwiler, a co-owner of the equity of redemption, had "chilled the bidding"; that under the present state of the record, the pur-

chaser could receive the certificate of purchase and that the objectors believe that a fair, free and open sale could now be held.

On January 10, 1936, the circuit court of Piatt county, after a hearing, set aside the sale and directed the master in chancery to resell the lands at his earliest opportunity.

The master in chancery immediately advertised the resale of the premises for February 7, 1936. Defendant Iva Louise Shonkwiler, objector at the previous sale, then again filed her petition in the United States District Court, Eastern District of Illinois, to enjoin the second sale. The federal court thereupon denied this petition on its own motion and entered an order directing the mortgage sale to proceed, but restraining the master in chancery from filing a report of sale, or issuing a certificate of purchase to the purchaser at said sale, until the further order of the federal court. At the resale, plaintiff bid $38,600 and a deficiency judgment for $6,837.24 was later entered against the defendants. Following this sale on the 7th day of February, 1936, and prior to the session of the circuit court of Piatt county, held on the 8th day of February, 1936, the said federal court again modified its decree and directed the master in chancery to file his report of sale in the circuit court of Piatt county, and to proceed with the issuance of a certificate of purchase, to the purchaser at said sale, but directed the plaintiff in the suit below, owner of said certificate of purchase, not to assign said certificate during the pendency of the federal court proceeding.

Said defendants then objected to the second sale on substantially the same ground upon which they had objected to the first sale, except that their objections were verified. The objections were overruled by the court; the court stating that the resale had been held at the instance and request of said defendants, and

the master in chancery made distribution of the proceeds of the sale which was approved without objection by any of the defendants.

In the objections filed to the first sale, the same objectors stated ''that under the present state of record, the purchaser could receive the certificate of purchase, and objectors believe that a fair, free and open sale could now be held.''

When the resale was ordered by the circuit court, pursuant to the request of the objectors, the objecting defendant promptly sought to enjoin the second sale, and to again create the same condition which they had objected to at the prior sale.

The chancellor has a broad discretion in the matter of approving or disapproving a master's sale, and such discretion, unless abused, will not be interfered with by a court of review. *Worden v. Rayburn,* 313 Ill. 495; Reeve Illinois Mortgages, Vol. 2, par. 703; *Clegg v. Christensen,* 346 Ill. 314.

Mere inadequacy of price realized at a judicial sale is not sufficient ground for setting the sale aside, unless so gross as to raise a presumption of fraud, or unless, in addition, there are serious irregularities in the mode of sale. Reeve Illinois Mortgages, Vol. 2, par. 707; *Wilson v. Ford,* 190 Ill. 614.

Generally speaking, one who seeks to have a judicial sale disapproved for inadequacy of price should guarantee an advanced bid in case of a resale or give security that there will be no loss. *Schulz v. Hasse,* 227 Ill. 156. The appellants in their objections to the approval of the sale state that the real estate is reasonably worth the sum of $50,000, but was bid in at the master's sale for $38,600; that the objectors were acquainted with one or more responsible persons who, in the course of these proceedings, have been ready, able and willing to bid more than $38,600 on said real estate, who did not attend said sale and bid, and ob-

jectors believe that such failure was at least partially, if not entirely, because they could not be certain of their legal position, if they were the successful bidders. There is no showing here that any person was able or willing to bid more than $38,600 on the property sold, nor any facts tending to show that the said bid was inadequate. The decree of foreclosure was entered by the circuit court of Piatt county on March 4, 1933. The decree found that the real estate described in the complaint was scant and meagre security for the amount of the mortgage debt, and consequently a receiver was appointed to collect the rents, issues and profits accruing *pendente lite* from the real estate. The finding of the circuit court as to the value of the real estate cannot be overcome by the verified objections filed by the objectors. The master in chancery proceeded in strict compliance with the decree of foreclosure. There was no act of the complainant or of the master in chancery which could in any way affect the sale. Nor do appellants give any assurance to the court, or make any guarantee that a resale would bring more money, which is a condition precedent to a resale where inadequacy of price is alleged. *Osmond v. Evans,* 269 Ill. 278.

The first sale was set aside by the court at the instance of appellants, under the assurance that a fair, free and open sale could then be held, yet when the resale was ordered, the appellant objector promptly sought and created the same condition that had been created at the time of the first sale. *Crist v. McCoy,* 287 Ill. 641.

In the case of *Abbott v. Beebe,* 226 Ill. 417, it was held that a court will not refuse to confirm a judicial sale on motion of an interested party merely to protect him against the result of his own negligence. Here the defendants are asking the court to refuse to confirm a judicial sale because of the condition deliberately created by the objecting defendant.

The mortgagors, under a decree of foreclosure, are still the owners of the equity of redemption. Their rights in the property are not barred by the sale during the redemption period. It is not claimed that the master in chancery acting under the decree of foreclosure was without jurisdiction to hold the sale. It is only contended that the property was reasonably worth $50,000, sold for $38,600, and that it might have brought more under different conditions. *Reed v. Behm,* 364 Ill. 399.

"Mere inadequacy of price will not justify a court of equity in setting aside a judicial sale, where there is a right of redemption." *Skakel v. Cycle Trade Pub. Co.,* 237 Ill. 482; *Dobbins v. Wilson,* 107 Ill. 17; *Rader v. Bussey,* 313 Ill. 226.

We find that the chancellor did not abuse his discretion in overruling defendant's objections and approving the master's report of sale; consequently the decree of the circuit court is affirmed.

*Decree affirmed.*