Thomas J. Craddick et al., Appellants, v. Cotta Gear Company and Leonard Lundin, Appellees.

Gen. No. 9,545.

460

Opinion filed August 8, 1940.

Louis A. Schultz, Jr., and Thomas F. Ryan, both of Rockford, for appellants; Donald M. Keenan, of Chicago, of counsel.

Hall & Dusher and Large & Reno, all of Rockford, for appellees.

Mr. Justice Huffman delivered the opinion of the court.

This was an action by appellee, Lundin, as trustee in bankruptcy of the Cotta Gear Company, to vacate an execution sale made by the sheriff of Winnebago county. In November, 1936, judgment in the sum of $4,201 was recovered against the Gear Company by Thomas J. Craddick. In May, 1939, Craddick assigned this judgment to John D. Powers for $300. Thomas F. Ryan acted as attorney for Powers in the purchase of the judgment. Shortly after Powers became assignee of the judgment, he caused an alias execution to issue and a levy to be made on the personal property of the Gear Company, which consisted mainly of tool machines. Pursuant to such levy, the sheriff posted notices as provided by statute, for the sale of the property levied upon, fixing the time of sale at 10 o'clock a.m. on June 6, 1939, and the place at the plant of the Gear Company.

The sheriff appeared at the time and place designated for holding the sale. He announced to such persons as were present that the sale was postponed to the hour of 10 o'clock a.m. on June 13, 1939, and wrote upon the notice of sale which was posted at the plant of the Gear Company "continued to the 13th day of June, ten o'clock A.M. at Cotta Gear Company." Whereupon the sheriff left the premises. Later in the day, one of the deputy sheriffs talked to one of the attorneys for Powers by telephone, regarding the furnishing of bond to indemnify the sheriff with respect to the property to be sold. It appears that arrangements were made for the issuance of the bond in Chicago, and that upon such information coming to the attention of the sheriff, he returned to the plant of the Gear Company at about four o'clock in the afternoon of June 6, and struck

from the notice of sale the continuance thereof to June 13th, and inserted the continuance to be to four o'clock p.m. on June 6th; and proceeded to make sale under the execution. The property was sold to Powers, holder of the judgment, by and through one of his attorneys.

It appears that Ryan, when he learned from the attorney acting for Powers, that the sale had been postponed due to request of the sheriff that bond be furnished to indemnify him, telephoned the Chicago office of a Surety Company and arranged for such bond to issue. Ryan was attorney for the Surety Company. After the sale, Ryan, representing Joseph Behr & Sons, contacted the attorney for Powers with respect to buying the property which Powers had purchased at the execution sale. On the next day, June 7th, an agreement was reached between Ryan, as representative of Joseph Behr & Sons, and the attorney for Powers, for the purchase of the property for the sum of $2,500 plus the expenses of sale and attorney fees. Pursuant to such agreement, a check passed to the attorneys for Powers for the purchase of the property. This check was never cashed. It is claimed by Ryan as trustee for Behr & Sons, that Powers was later paid $2,500 in cash at Ryan's office on or about July 6 or 7, 1939. It further appears that Behr & Sons had knowledge of all acts of the sheriff incident to the sale.

Involuntary bankruptcy proceedings were filed against the Gear Company on June 13, 1939, and the company was adjudged bankrupt. On July 28th, the first meeting of creditors was had and appellee Lundin selected as trustee. Upon becoming trustee, he took possession of the property of the bankrupt, consisting of the subject matter of the sheriff's sale; and secured leave to file his petition to set aside the sheriff's sale of the property. Such petition was filed in the circuit court of Winnebago county. Motions by Powers and by Ryan as trustee, were filed and denied. Ryan as trustee, was granted leave to file intervening petition. The issues

were made up and the cause heard by the court. The court found that the sale of the property as made by the sheriff was without right, power or authority, and declared the same to be void, finding that no title passed by virtue thereof to the said Powers, and that no title passed from Powers to his assignee Ryan, trustee. This appeal has been prosecuted by Powers and Ryan, trustee, to reverse the order and judgment of the trial court in vacating the sheriff's sale.

It is urged by appellants that a sheriff is vested with discretionary powers in conducting an execution sale; that irregularity or lack of notice does not necessarily void such a sale, in the absence of fraud; that a person by his actions, may waive the right to complain of any such irregularities; and that a trustee in bankruptcy is in privity to the bankrupt.

It is urged by appellee that the power of a sheriff to sell personal property upon execution, is governed by the statute; that notice of sale must be posted in three public places; that if the officer postpones the sale, for more than one day, notice of such postponement shall be given by notices posted in the manner as required in the first instance; that a proceeding to quash the writ of a sheriff on an execution and to set aside a sale, shall be addressed to the court issuing the writ under which the sale was made; that after a sheriff makes a definite postponement of sale, he then has no right to hold the sale until the time fixed in the postponement; that an execution creditor is charged with knowledge of irregularities connected with the issuance of an execution and the sale thereunder; and that the attempted sale as made by the sheriff in this case, was void and did not pass title to the judgment creditor upon whose behalf the property was purchased.

Execution sales are not usually considered judicial sales, in a strict sense, such as sales in partition or by administrators and guardians. Execution sales however must be supported by a judgment or decree and

are thus the result of judicial proceedings, but the judgment is not for the sale of any specific property. It is for the recovery of a designated sum of money. The court gives no directions concerning the property to be levied upon, and usually has no control over the sale beyond the power to set it aside for noncompliance with statutory provisions governing same. A sale that is ordered by the court, conducted by an officer of the court appointed for such purpose, and which requires the approval of the court before it can be treated as final, is clearly a judicial sale. The chief differences between execution and judicial sales, are, that the former are based on a general judgment for a certain amount of money, while the latter are based on an order to sell specific property; the former are conducted by an officer of the law in pursuance of the directions of a statute, while the latter are made by the agent or officer of a court in pursuance of the directions of the court; in the former, the sheriff is the vendor, while in the latter, it is the court; in the former, the sale is usually complete when the property is struck off to the highest bidder, while in the latter, it must be reported to and approved by the court.

An execution, though a judicial writ, commands the performance of a ministerial act. No execution sale ought to take place at any other time than that fixed by the notice of sale. A sale made in violation of this rule will ordinarily be vacated or confirmation refused, if the irregularity is suggested to the court within a proper time. If a sheriff may interfere and dispense with one of the requirements of the statute regarding execution sales, it would follow that he may so do with another section or requirement, and thus in his unlimited discretion, might dispense with all provisions regarding such sales. Courts of law will not often aid the defective execution of a statutory power. In this State, notice of an execution sale is required by the posting of notices thereof in three of the most public

places where the sale is to be had, at least 10 days prior thereto, which notices shall specify the time and place of the sale. The object of this notice is too obvious to require any detailed description. It is designed to inform the general public of the property to be sold, the time, place and terms of the sale; and of the persons whose interests are thus to be subjected to an involuntary transfer. Ordinarily the notice of sale might be considered as for the benefit of the defendant. However, there might be instances in which his creditors would be prejudiced, and a waiver of improper notice by the defendant should not be permitted to preclude any such creditors from avoiding or vacating the sale, by appropriate method. A defendant is entitled to prosecute an action to set aside such sale, unless from some cause he has ceased to be prejudiced or affected by it. Strangers usually have no right to interfere with the management of an execution sale nor to complain of its result. And it may be considered that a defendant who has become bankrupt and has in such proceedings been divested of his property, has become a stranger in interest thereto, and is so situated that it has become a matter of indifference to him whether the sale be supported or overthrown. However, in this instance, the party objecting, stands in the relationship as trustee for the creditors of the judgment debtor.

The power of the officer to adjourn this sale, exists by statute. Chapter 77, sec. 52, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.202]. In case of an adjournment, it is provided by the above section of statute, that should the postponement or adjournment exceed one day, notices thereof shall be posted. It would therefore appear that this provision of statute contemplates that notices of such postponement shall be posted as required in the first instance. The officer making execution sale, is invested with a wide discretion with respect to adjourning the same to a later day. However, this discretion must be exercised by the officer himself,

and within limits of the power granted. He cannot delegate it to the parties nor to their attorneys. It appears in this case that the sheriff made a definite postponement of the sale from June 6th to June 13th, designating it to be had at the same hour and place on June 13th, as fixed for June 6th. Due to solicitation on the part of appellant Ryan, and attorneys for appellant Powers, the sheriff returned to the plant of the Gear Company at about four o'clock in the afternoon of June 6th, when he struck off the property to the attorney for appellant Powers, who was the holder of the judgment and who had caused the execution to be issued under which the sale was had. We do not consider it within the power of the officer nor within the contemplation of the statute, that after a definite postponement of an execution sale, which is for a longer period than one day, that he can subsequently enter into any agreement with the judgment debtor or his representatives, to exercise in any particular manner his official powers with respect to such postponement, so as to void that previously made and announced to the purchasers present, and proceed to hold the sale at a later and different hour in the day upon which his announcement of postponement had been made. Such would be against public policy, as well as contrary to the fair and reasonable intendment of the statute regulating such sales.

The trial court in commenting upon the testimony of appellant, Powers, in his written remarks, stated that he was a clerk in the bookkeeping and accounting department of an insurance company; that this was the first judgment he had ever bought; that he did not know the location of the company; that he did not know anything about the machinery; that he did not know where he got the money with which he bought the judgment; that his connection with the whole transaction seemed shrouded in mystery and uncertainty; that when he received the $2,500 from Behr & Sons, he did

not deposit it, but took it home; that he could not testify what he did with the money, and did not know where the balance of it was; and that the bill of sale from Powers to Ryan, as trustee for Behr & Sons, has never been delivered to them. The trial court found that to permit this sale to stand under the circumstances in this case, would open the door to fraud and collusion; that the sheriff although vested with discretion, yet was vested with power to act only by virtue of the statute; and that it was not within the contemplation of such statute that the sheriff could go before bidders at the time and place fixed by a proper notice of sale and declare that the sale was postponed for one week, and then later in the same day conduct such sale, as was done herein.

We are of the opinion that after the sheriff acted in his official capacity and in the manner provided by statute, by publicly announcing a postponement of this sale from 10 o'clock a.m. on June 6th, to 10 o'clock a.m. on June 13th, that he was then powerless to return to the plant of the Gear Company at four o'clock in the afternoon of June 6th, and make sale of the property levied upon, as was done herein. The order and judgment of the trial court is therefore affirmed.

Motions were filed by the respective parties to this suit to strike certain portions of the statement, brief and argument of the other. The several motions were duly considered in the disposition of this cause, and therefore no orders thereon are deemed necessary.

*Judgment affirmed.*