(No. 33571.—

MILLARD BLANCETT *et al., vs.* ELLEN ROSE TAYLOR *et al.,*
Appellees.—(LUCILLE KIMMEL *et al.,* Appellants.)

*Opinion filed September 23, 1955.*

WILLIAM L. TURNER, of Shelbyville, for appellant Lucille Kimmel; LOREN B. LEWIS and ALAN M. WEINMAN, both of Bloomington, for appellant Helen Dildine.

A. L. YANTIS, of Shelbyville, for appellees Hugh Blancett and Clarence H. Summers.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiffs Lucille Kimmel and Helen Dildine appeal from a decree of the circuit court of Shelby County overruling objections to the master's amended report of sale in a partition suit, and confirming the sale.

The complaint for partition was filed by Millard Blancett, Lucille Kimmel, Helen Dildine and Hugh Blancett, certain devisees under the will of Alvin Blancett, deceased. The named defendants included the remaining devisees, the executor of the will, and The Prudential Insurance Company of America, which held a mortgage on the premises having a balance due and owing in the amount of $2500 with interest thereon. The court entered a decree of partition, concerning which there is no dispute. The commissioners reported that the premises were not susceptible of division, and fixed the value at $11,500. A decree for sale was entered on August 21, 1954, which specified that "said sale shall be made on the following terms: 25% cash on day of sale, balance upon approval of master's report of

sale; possession of premises, March 1, 1955." The master duly published notice of the sale, setting out the terms as specified by the decree. On the day of the sale, immediately before offering the premises, he announced upon instruction of plaintiffs' attorney that the mortgage would be paid out of the proceeds of sale; that the premises would be sold free and clear of the mortgage; and that the purchaser would receive the landlord's share of the 1954 crops and would pay the 1954 taxes. The master inquired if there were any questions, and then proceeded with the sale. The property was struck off and sold to Clarence H. Summers for the sum of $12,000, the highest and best bid.

Appellants filed exceptions to the master's report of sale on the ground that it failed to disclose whether the premises were sold free of or subject to the mortgage. The master then filed an amended report in which he stated he announced, upon instructions of plaintiffs' attorney, that the premises would be sold free of the mortgage, and that the purchaser would get the landlord's share of the 1954 crops and pay the 1954 taxes. The appellants filed exceptions to the amended report on the ground that the oral statements of the master were unauthorized by the decree of sale, and that they confused and misled bidders and depressed the sales price. After a hearing the court approved the amended report of sale, confirmed the sale, and ordered distribution of the proceeds in accordance with the interests of the parties as found in the decree for partition. Appellants contend the master's announcement set terms of sale that were not specified in the decree of sale, that he acted beyond his authority, and that the court erred in refusing to set aside the sale.

We think the court was clearly justified in refusing to set aside the sale. The purpose of a partition proceeding, of course, is to sever the interests in common; and the power of the court to ascertain and declare the right and interest of a mortgagee is not to enforce a collection of the

debt but to enable the court to make partition of the mortgaged property fairly and equitably between the owners. The sale by a master in chancery is not in a legal sense a sale until confirmed by the court. Even though the premises may be declared struck off to the highest bidder he thereby acquires no interest in the property. Until the sale is confirmed by the court his bid, in legal contemplation, is a mere offer to buy. Confirmation is final consent; and the court, being in fact the vendor, may accept or reject any sale, as in the exercise of its sound discretion it may deem to be for the best interest of the parties concerned. Unless an abuse is clearly shown in the exercise by the court of this discretion, a court of review will not interfere. *Sauter* v. *Pickrum,* 373 Ill. 541; *Ehrgott* v. *Seaborn,* 363 Ill. 292.

In the case at bar appellants are two of the four plaintiffs, and the mortgagee was made one of the parties defendant. The complaint set forth the mortgage and the balance due and owing thereon, and prayed that if partition could not be made then the premises be sold "free and clear of all claims whatsoever of the parties hereto, and that the proceeds of the sale, after the payment of all costs and charges of this proceeding, shall be divided among the owners of said premises according to their respective rights therein." There is no proof in the record that the property did not sell for what it was fairly worth, or that if the sale were set aside the property would bring a higher price. Appellants make no claim that the land did not sell for its full, fair value, or that the sale was unfairly conducted; nor have they given any assurance or indication that they would bid at a resale. It is well established that where a sale in partition proceedings is objected to, the objectors asking a resale should bring the money into court, or make an advance bid, or give a guaranty or bond that there will be no loss on a resale. (*Osmond* v. *Evans,* 269 Ill. 278.) No such offer or guaranty was made on the hearing.

The evidence on the hearing before the court shows appellants made no complaint at the sale that the premises were offered on terms different from those provided in the decree. On the contrary, it was at the request and direction of their own attorney that the sale be made free and clear of the mortgage, and appellants stood by and allowed the sale to proceed without objection. By their own conduct they have established the rights of appellees which they now attempt to defeat. Under such circumstances they are now estopped to complain that the master did not comply with the terms specified in the decree of sale.

It is the policy of the law to give permanency and stability to judicial sales and to the purchaser the benefit of his bid. (*Cohen* v. *Sorg,* 345 Ill. 557.) To disturb judicial sales for slight causes would impair that confidence essential to induce persons to become purchasers; and courts will not refuse to confirm a judicial sale at the instance of an interested party, where the matter complained of is the result of his own conduct or negligence. (*Abbott* v. *Beebe,* 226 Ill. 417.) The appellants here were present at the sale, the announcement in question was made at the request of their attorney, they made no objection to it until after the sale, and at no time has an offer been made to guarantee an increased bid. Under such circumstances it would be highly inequitable to allow the interests of the purchaser and the other parties to the proceeding to be defeated by the present objection. The exceptions to the master's report of sale were without merit and the order of the circuit court overruling them and confirming the sale was correct. The decree will be affirmed accordingly.

*Decree affirmed.*