Mildred Berber and Albert Hass, Plaintiffs-Appellants, v. Ernst Hass and Elaine Hass, His Wife, Defendants-Appellees.

Gen. No. 49,503.

First District, Second Division.
January 26, 1965.
Rehearing denied March 2, 1965.

David Pottishmann, of Chicago, for appellants.

Edward L. S. Arkema, of Chicago, for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court:

This appeal is taken from an order entered June 28, 1963, in the Superior Court of Cook County, Illinois, which dismissed the appellants' amended complaint. The dismissal of the action was urged by the appellees on the ground that the matter had been determined by a court of competent jurisdiction and was not open to collateral attack.

Mildred Berber and Albert Hass, brother and sister, filed their complaint in chancery against their brother Ernst Hass and his wife, Elaine. The complaint charged that Ernst Hass, while acting as executor of his mother's estate, improperly conveyed property belonging to the estate to himself and his wife, and asked that the deed be set aside as a fraud on the court and on the beneficiaries.

As their defense, the appellees pointed out that the entire matter was brought to the attention of the Probate Court, that a full hearing was had on the matter at which the appellants were present and represented by counsel, and that the Probate Court accepted the final account of Ernst Hass as executor

and discharged him, declaring the estate closed. The claim was, therefore, that the complaint filed in chancery was barred by the previous judgment of the Probate Court.

The following information was before the Probate Court at the time it authorized the closing of the estate: Augusta Hass, mother of the appellants and of the appellee Ernst Hass, died January 31, 1962, leaving a last will and testament in which she appointed Ernst Hass and Mildred Berber coexecutors of her estate. Soon thereafter, Mildred Berber resigned, leaving her brother Ernst Hass as sole executor of their mother's estate.

Section 5(b) of the Will of Augusta Hass gave Ernst Hass a nine-month option to buy certain realty constituting the bulk of the decedent's estate at the valuation given it by the Cook County Assessor before the application of any State of Illinois Department of Revenue equalization factor. This allowed Ernst Hass to purchase a building and the land on which it is situated having a market value of over $100,000 for $47,373.

The appellee, Ernst Hass, obtained an order from the Probate Court on July 26, 1962, permitting him to sell the property to himself and his wife at the assessed valuation on the condition that the conveyance should be conditioned on, and executed simultaneously with, the deposit into the estate of the proportionate portion of the same sum. In other words, the court insisted that the transfer of title take place at the same time as, and not until, the appropriate sum of money was deposited into the estate account. The following day, July 27th, Ernst Hass conveyed the property to himself and his wife. The money, however, was not deposited into the estate account until October 26, 1962—some three months later.

All this was brought to the attention of the Probate Court before the closing of the estate. No appeal was taken from the order of the Probate Court, and this action in equity was brought to set aside the conveyance. The first question we must answer is whether the appellants have used the proper method of challenging the action taken by the Probate Court.

 The appellants claim in their brief and in oral argument that the proper forum for setting aside a deed to real estate is a court of equity. As a general statement this may be true, but the rule is not universally applicable. It is well settled that Probate Courts may give relief of an equitable nature where justice so requires. In re Estate of Baughman, 20 Ill 2d 593, 170 NE2d 557 (1960). We do not say that Probate Courts have general chancery powers, but it has often been held that they will proceed in equity in cases of an equitable character pertaining to the administration of estates. In re Estate of O'Donnell, 8 Ill App2d 348, 132 NE2d 74 (1956). In re Estate of Thompson, 328 Ill App 103, 65 NE2d 131 (1946). We are of the opinion that this order of the Probate Court, setting forth conditions under which decedent's property may be disposed of, is a matter pertaining to the administration of estates such as to give the Probate Court equity powers to supervise the sale and set such sale aside where proper. These appellants, therefore, should have appealed from the Probate Court order rather than instituting a separate suit to set aside the deed, for the Probate Court had authority to approve or disapprove the conveyance.

The appellants have cited cases where it was held that instituting a new action in a court of equity was proper, but those cases are easily distinguishable from the case at bar. In re Estate of Klock, 282 Ill App 245 (1935), dealt with a situation where the Probate

113

Court was asked to pass on the validity of an antenuptial agreement. It was held that the Probate Court was without authority to pass upon the matter. The court in its opinion cited Rook v. Rook, 111 Ill App 398 (1903), quoting:

"While it has been held that county and probate courts may exercise such equitable jurisdiction in the settlement of estates and allowance of claims, as is adapted to their organization and mode of proceeding . . . , and that whenever within the scope of the statutory jurisdiction confided to them, the relief to be administered, the right to be enforced, or the defense to an action properly pending before them, involved the application of equitable principles, their powers are commensurate with the necessity demanding their exercise, whether legal or equitable in their nature, . . ."

The test set forth in this passage is whether the claim is the type adapted to settlement in the Probate Court. The court, in deciding the Klock case determined that a Probate Court is not the proper place to thrash out whether or not an antenuptial agreement was procured through fraud. The Probate Courts are to supervise the administration of estates; the fraud alleged in the Klock case is too far removed from this area to be efficiently processed in the Probate Court, and it was so held.

In re Estate of Braje, 294 Ill App 377, 13 NE2d 821 (1938), is also cited by appellants in support of their claim that this matter was properly brought before a court of equity. In that case a suit was brought 18 months after the estate was closed, alleging that the deceased and his wife were never legally married. It was held that the Probate Court

114

was without jurisdiction in this matter. In its opinion, the court said:

"We hold that the instant petitioner, wishing to attack the legality of the marriage of Frank and Mary Braje, should have done so by filing a bill in equity in the nature of a bill of review. The instant petition was filed more than 18 months after the estate was closed. Orderly procedure would seem to require that any attack at so late a date should be in some court other than the probate court."

While the court specifically noted that the Probate Court had equitable powers, it based its decision on the question of what was necessitated by orderly procedure. This is the same approach used by the court in the Klock opinion (supra). Voegel v. Central Nat. Bank of Mattoon, 27 Ill App2d 400, 169 NE2d 675 (1960), presents the same issues as were before the court in the Klock case (supra) and needs no further discussion here.

██ Under the standard set forth in these cases, we are of the opinion that orderly procedure requires that in this case an appeal should have been taken from the order of the Probate Court rather than instituting a separate action in a court of equity. It is admitted that the Probate Court has primary responsibility for overseeing the management of decedents' estates. It is also admitted that the Probate Court properly issued the order setting forth the conditions of sale. This was not the type of case that requires elaborate proceedings that would preclude the Probate Court from continuing its regular business, and we can think of no better body to determine whether an order had been substantially complied with than the court which issued it. We conclude that this mat-

ter was improperly brought before a court of equity and that the appellants' cause of action was properly dismissed. While the Probate Court is one of limited jurisdiction, within its sphere its orders should be protected from collateral attack so as to avoid unnecessary multiplicity of suits. In re Estate of Trapani, 21 Ill App2d 19, 157 NE2d 83 (1959). As we have held that the Probate Court had jurisdiction to dispose of the case before it, it is clear a collateral attack on that order is improper and cannot be permitted to succeed. In re Estate of Trapani, (supra).

Having determined that the appeal is not properly before this court, we have no duty to discuss the substantive merits of this case, but we feel this case is one where we might, with profit, set forth an alternative ground for the decision we have reached, for on substantive grounds alone, the opinion of the lower court must be affirmed.

■■ As has been pointed out by the appellants, the executor of an estate cannot take it upon himself to sell estate property in violation of a court order. This does not mean, however, that the Probate Court cannot vary its own order to approve what has been done. We have found no cases directly on point in this matter, but the cases we have found point in the direction of affirmance of the court below.

■ As the appellees point out in their brief, ". . . the Court in ordering a sale of real estate actually is the seller of the real estate. The executor is merely its agent. . . ." They are correct in noting that a sale of this type is a judicial sale.

■ It is the well settled law of this State that a judicial sale is not complete until it has been approved by the courts.

"Confirmation is final consent; and the court, being in fact the vendor, may accept or reject

116

any sale, as in the exercise of its sound discretion it may deem to be for the best interest of the parties concerned. Unless an abuse is clearly shown in the exercise by the court of this discretion, a court of review will not interfere." Blancett v. Taylor, 6 Ill2d 434, 128 NE2d 916 (1955).

 This case is, of course, factually distinguishable from the case at bar. In the Blancett case the court refused to approve a sale, while in the case at bar the court below approved the sale against the wishes of the appellants. But we see no difference in the logic as it is applied to the two cases. The Probate Court has discretion in these matters, and unless it has clearly abused its discretion, the Appellate Court will not interfere.

 The purpose of the Probate Court's conditions to the sale was to guarantee the funds would be paid into the estate. If the funds were not paid into the estate, the Court could void any so-called title to the realty. While the orders of the Court were not obeyed, the money was paid into the estate account before the nine-month period expired, and the Probate Court could, exercising its discretion, give its sanction to the sale. The conditions to the sale were not there simply for their own sake; they were there to insure payment, and so long as payment was made, no harm was done to the appellants. They are in no worse position than if the money had been deposited at the proper time. The Probate Court did them no harm by granting its approval to the sale, and we will not interfere with its judgment.

The appellants claim Ernst Hass used moneys collected as rent from the building to pay for the property and state that without these rents, rightfully theirs, he could not have made payment at any time. This claim is clearly without merit. It would seem

quite simple to get a loan of $47,373 on a building with a market value of over $100,000. The rents would seem relatively unimportant in raising the money to pay for the real estate.

The Probate Court, in permitting the estate to be closed in effect approved passage of title as of the date recited in the deed. The deceased presumably had good reason for favoring one son over the other children. The action of the Probate Court is in keeping with the wishes of the decedent, and as we said above, we have been shown no reason to disturb its judgment, or that of the Superior Court in dismissing this complaint. The order of June 28, 1963 is affirmed.

Order affirmed.

BURKE, P. J. and LYONS, J., concur.