MAYWOOD-PROVISO STATE BANK, Plaintiff-Appellee, *v.* PETER A. COKINIS, d/b/a BUD COKINIS MEATS, Defendant-Appellee—(GEORGE B. JAVARAS *et al.*, Respondents-Appellants.)

(No. 56231;

First District (4th Division)—April 18, 1973.

Frederick S. Stein, of Chicago, (Howard C. Emmerman, of counsel,) for appellants.

Giachini and Murphy, of Maywood, (Michael Cooper, of counsel,) for appellee Maywood-Proviso State Bank.

Moltz & Wexler, of Chicago, (Leon C. Wexler, of counsel,) for appellee Peter A. Cokinis.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal by respondents, George B. Javaras and Josephine Skach, from an order of the Circuit Court of Cook County declaring void the Sheriff's sale of June 21, 1971, and the interest in a land trust purchased by respondents at the sale. The sole issue on review is whether the trial court erred in vacating its order of April 23, 1971, and declaring void the Sheriff's sale of June 21, 1971. The facts are as follows:

On August 25, 1965, Peter and Isabelle Cokinis placed their home, which was valued at $45,000 and in which they had an equity of $28,500 in a land trust at the Maywood-Proviso State Bank. (Hereinafter the "Bank".) On that date they borrowed money from the Bank and assigned the beneficial interest in the land trust to the Bank as security for the loan.

On September 18, 1970, the Bank made another loan to Peter Cokinis, individually, of $1,605.00. On December 28, 1970, the loan to Peter Cokinis was in default and the Bank confessed judgment against him for $1,714.73, and notified him of the judgment. The Bank then filed a Citation to Discover Assets directed against itself individually and as trustee of the Cokinis Trust and to produce all records relating to the trust. Notice of the Citation Proceedings were served upon Peter Cokinis, but not upon his wife.

A hearing, which was not attended by Peter Cokinis or Isabelle Cokinis, was held on April 23, 1971, and the court entered an order on that date directing that the beneficial interest in the trust be assigned to the Sheriff to be sold and that the proceeds were to be applied toward satisfaction of the judgment against Peter Cokinis.

The sale was conducted, though no publication was made and no service of notice was had upon Peter Cokinis or Isabelle Cokinis, and respondents Javaras and Skach were the only bidders with a bid of $1,845.41. Javaras and Skach received an assignment of the beneficial interest in the trust from the Sheriff, but the Bank, as trustee refused to accept assignment by the Sheriff to Javaras and Skach.

Javaras and Skach then filed a petition for a rule to show cause why the Bank should not be held in contempt for failure to comply with the order of April 23, 1971, by not honoring the assignment of beneficial interest to Skach and Javaras.

Peter and Isabelle Cokinis then filed a petition pursuant to Section 72 of the Civil Practice Act requesting that the order of April 23, 1971, be vacated and that the Sheriff's sale be voided and that Peter and Isabelle Cokinis be confirmed as beneficiaries of the trust. The Bank also filed a petition requesting the court to void the sale or to refuse to confirm it.

On July 26, 1971, after a full hearing attended by all of the parties, the court entered an order holding that the sale was a judicial sale requiring confirmation by the court; that the order of April 23, 1971, was void as to Isabelle Cokinis because she was neither a party nor a judgment debtor; that the judgment which was the basis for the sale had been statisfied by a written agreement to pay; that the sale price was so inadequate that it shocked the conscience of the court; and that the judgment had been released and satisfied by payment. The court vacated the order of April 23, 1971, and voided the assignment of the beneficial interest to Javaras and Skach. This appeal by respondents followed.

Respondents contend on appeal that the trial court erred in vacating its order of April 23, 1971, and in voiding the Sheriff's sale of June 21, 1971. Respondents maintain that the trial court erred in determining that

the sale of June 21, 1971, was a judicial sale requiring the court's approval and that the court further erred in denying such approval and voiding the sale.

■■ Rather than being a judicial sale requiring court approval, respondents contend that the sale in the instant case was more in the nature of an execution sale not requiring court approval and cite *Craddick v. Cotta Gear Co.*, 306 Ill.App. 459, 28 N.E.2d 734, in support of their contention. In *Craddick*, however, the Illinois Appellate Court discussed the differences between a judicial sale and an execution sale and noted:

> "The chief differences between execution and judicial sales, are, that the former are based on a general judgment for a certain amount of money, while the latter are based on an order to sell specific property; the former are conducted by an officer of the law in pursuance of the directions of a statute, while the latter are made by the agent or officer of a court in pursuance of the directions of the court; in the former, the sheriff is the vendor, while in the latter, it is the court; in the former, the sale is usually complete when the property is struck off to the highest bidder, while in the latter, it must be reported to and approved by the court."

■■ In the case at bar, as the trial court directed, the Sheriff as its agent to sell specific property, rather than the Sheriff proceeding to sell property pursuant to Statute, for claims arising from a general judgment, it would appear that the sale in the instant case was a judicial sale within the definition of the *Craddick* case.

■■ It is well settled that a judicial sale is not complete until it has been approved by the trial court. (*Berber v. Hass*, 57 Ill.App.2d 109, 207 N.E.2d 96.) Trial courts have broad discretion in approving or disapproving sales made at their direction and unless an abuse is clearly shown in the exercise by the court of this discretion, a court of review will not interfere. (*Blancett v. Taylor*, 6 Ill.2d 434, 128 N.E.2d 916.) One instance when a court may refuse to confirm a sale is where the sale price is so inadequate as to shock the conscience of the court. (*Levy v. Broadway-Carmen Bldg. Corp.*, 366 Ill. 279, 8 N.E.2d 671.) In *Moeller v. Miller*, 315 Ill. 454, 146 N.E. 449, which respondents themselves cite in an effort to demonstrate that the sale in the instant case was an execution sale, and not a judicial sale requiring court approval, the court held that even in a nonjudicial sale not requiring confirmation, it would still be the duty of the court to set aside a sale for gross irregularity depriving the owner of valuable rights.

In the instant case the trial court held that the sale in question was a judicial sale requiring the approval of the court. The trial court found

that under the attendant circumstances, the price bid by respondents was so "* * * grossly inadequate to such a degree as to shock the conscience of the court * * *." The trial court concluded that "* * * because of many irregularities and the gross inequity and injustice done defendant * * * the sale of June 21, 1971 is to be vacated and set aside."

■■ Our examination of the record reveals that the court did not abuse its discretion in so finding and the judgment of the Circuit Court of Cook County will therefore be affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.