**George Vincent Menagh and Lillian Menagh, Appellees, v. Frances Hill, Appellant.**

**Gen. No. 47,010.**

First District, Third Division.
December 5, 1956.
Released for publication January 2, 1957.

Traeger, Bolger & Traeger and John A. Kahoun, all of Chicago, for appellant.

Bergstrom, Evans & Nelson and Benjamin J. Sachs, all of Chicago, for appellees; Edward H. Nelson, of counsel.

JUDGE LEWE delivered the opinion of the court.

Plaintiffs recovered a judgment before a police magistrate in a forcible entry and detainer suit. On appeal by defendant to the Circuit Court, the judgment was affirmed, whereupon defendant appealed to this court.

The facts are substantially as follows: Since October 1932, defendant has been living at 15005 Chicago Road, Dalton, Illinois. In 1932, these premises were improved with an old building formerly used as a real estate office. At that time, one Jacobson told defendant that she could live in the building if she partitioned it and replaced the doors and windows. About that time, defendant was also told by one Menn that he owned the building but not the land. Menn granted defendant permission to live in the premises in question without paying rent.

Plaintiffs claim ownership of the land and the right of possession under a quitclaim deed from plaintiff George Menagh's father and mother dated in 1945. Over defendant's objection, plaintiffs introduced in evidence a trustee's deed and a contract for the sale of the premises from Union Bank of Chicago to plaintiff's father. These documents were dated in the year 1925.

An attorney testifying in plaintiffs' behalf, said that in 1950, he showed defendant the deeds held by plain-

tiffs and requested a monthly rent of $10. Two letters, one dated in August and one in September, 1950, were received in evidence, purportedly written to defendant requesting the rent payment and threatening legal action.

Over defendant's objection, plaintiffs also introduced in evidence tax and special assessment receipts, showing payment by plaintiffs as owners of the property, and a survey of the property in question made in 1949.

The first question presented for determination is whether in the absence of a complaint in writing as required by Chapter 57, section 5, Ill. Rev. Stat. 1955 (State Bar Ass'n ed.), the police magistrate had jurisdiction of the subject matter.

The pertinent part of section five reads:

"On complaint in writing by the party or parties entitled to the possession of such premises being filed in any court of record, or with any justice of the peace in the county where such premises are situated, stating that such party is entitled to the possession of such premises (describing the same with reasonable certainty), and that the defendant (naming him) unlawfully withholds the possession thereof from him or them, the clerk of such court or such justice of the peace shall issue a summons.

"No further pleading shall be required in cases before justices of the peace."

██ Since forcible entry and detainer is a statutory proceeding in derogation of the common law, a court entertaining such an action will be considered as a court of special and limited jurisdiction, and the procedure prescribed by the statute must be strictly followed. (See, 19 Ill. Law and Practice § 7, page 523.)

In the early case of Stolberg v. Ohnmacht, 50 Ill. 442, an action for forcible entry and detainer, it appears that the justice issued a summons without an affidavit having been previously filed, in accordance with the provisions of a statute substantially the same as that

82

involved in the present case. The Court said at page 443:

"The affidavit is the foundation of the jurisdiction, and has been constantly so held in this court. The justice had no jurisdiction when he issued the summons, and could acquire none, for the purposes of that suit, by allowing an affidavit to be filed on the day of trial."

In Abbott v. Kruse, 37 Ill. App. 549, this court held that in a forcible detainer proceeding before a justice, a complaint in writing is jurisdictional (citing Schaumtoeffel v. Belm, 77 Ill. 567, and Center v. Gibney, 71 Ill. 557) and if the justice had no jurisdiction of the case the court on appeal had none.

In Redfern v. Botham, 70 Ill. App. 253, the transcript of the proceedings before the justice disclosed a "complaint filed," but no complaint in writing as required by statute was transmitted by the justice to the Circuit Court. In the Circuit Court, as in the case at bar, no proof was made or offered that a written complaint did exist. The court said at page 254: "A written complaint is necessary to the jurisdiction of the justice in forcible detainer proceedings, and unless the justice has jurisdiction, the Circuit Court on appeal has none."

In the instant case, plaintiffs say "a written complaint was before the court." An examination of the transcript on appeal from the police magistrate fails to disclose such a written complaint.

█ In any event, plaintiffs say this objection was waived by defendant because she did not raise it in the Circuit Court. No rule of law, statutory or decisional, is cited by plaintiffs to support this proposition. We think plaintiffs' position is untenable, since the law seems well established that the filing of a written complaint before the police magistrate is jurisdictional. It follows, therefore, that the police magistrate and the Circuit Court had no jurisdiction over the subject matter.

We have considered the other points urged and the authorities cited in support thereof, but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons stated, the judgment is reversed.

*Judgment reversed.*

FEINBERG, P. J. and KILEY, J., concur.