The Heritage Shelter Care Home, Inc., Plaintiff-Appellant, *v.* Robert Miller *et al.*, Defendants-Appellees.

(No. 75-99; ▮)

Fifth District—August 21, 1975.

*Rehearing denied September 30, 1975.*

Robert L. Douglas, of Robinson, for appellant.

William E. Larrabee and Harlan Heller, both of Harlan Heller, Ltd., of Mattoon, and E. H. Price, of Robinson, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Plaintiff, The Heritage Shelter Care Home, sought an injunction against defendants, Robert and Marylou Miller, claiming that an easement by prescription or a public way existed over a driveway located on the defendants' property. The court temporarily restrained defendants from interfering with plaintiff's asserted right to the use of the driveway in question. Defendants answered and counterclaimed for damages for trespass. They later waived issues raised in the counterclaim. Following

a hearing on the merits on August 9, 1974, the trial court entered a final order on September 30, 1974, finding in favor of the defendants on all issues raised in plaintiff's complaint.

On October 10, 1974, the plaintiff filed a motion for rehearing alleging that an unidentified and undocumented survey was overlooked prior to trial or was being prepared during trial. Defendants answered the motion by specifying several surveys that were available to the plaintiff prior to trial, naming the surveyors, and supporting the answer by affidavit. The affidavit set forth the nature of all surveys, their existence prior to trial, and the refusal of the surveyor to become involved in the litigation. An entry on the circuit clerk's record sheet dated December 16, 1974, states, "Now comes the Court and rules on motion for rehearing [by plaintiff] taken under advisement. Court denies Motion. Clerk to give notice of ruling. [R. J. DeMarco]."

The notice of appeal is from the September 30, 1974, judgment in favor of the defendants and was filed within 30 days of the circuit court's ruling on the plaintiff's motion for rehearing. Plaintiff contends that the trial court erred in denying his petition for rehearing, which was based on newly discovered evidence. Defendants have filed a motion to dismiss. They assert that this court is without jurisdiction to entertain this appeal because the record sheet entry evidencing the circuit court's denial of the petition for rehearing is not a final, appealable order. The defendants also contend that the appeal should be dismissed because of certain procedural failures in presenting a record on appeal.

Notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, within 30 days after the entry of the order disposing of the motion. (Ill. Rev. Stat. 1973, ch. 110A, § 303(a).) In the present case the precise question presented is whether the trial judge's record sheet entry is an "order" disposing of the motion for rehearing. We believe that the court's minutes in the form of a docket entry indicating final disposition of the litigation or post-trial proceedings is such an order.

A review of the cases construing Supreme Court Rule 303(a) reveals that the specific issue presented is one of first impression. We note, however, that a 1968 case does touch on this question. In *Childress v. State Farm Mutual Automobile Insurance Co.*, 97 Ill.App.2d 112, the plaintiff filed a motion to reconsider after the court granted the defendant's motion for summary judgment. Plaintiff's motion to reconsider was overruled. The plaintiff appealed within 30 days of the court's ruling on the motion to reconsider but more than 30 days after the entry of the summary judgment. The defendant contended that the appeal was

not timely taken. In rejecting the defendant's contention the court held that when a motion for rehearing or to reconsider is timely filed pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 68.3), "the time for appeal does not begin to run until the court *rules* on the motion." (Emphasis added.) (97 Ill.App.2d 112, 121.) Although *Childress* does not address the issue presented here, we are of the opinion that the court's use of the word "rules" is of significance.

When *Childress* was decided in 1968, Rule 303(a) contained the identical "entry of order" language that it does now. That the court there chose to count the time for filing notice of appeal from the "ruling" rather than "entry of an order disposing of the motion" seems imprecise as a matter of statutory construction. As a practical matter, nevertheless, this decision appears well founded. It is usually the duty of the party prevailing on a post-trial motion to prepare and submit to the court an order for the judge to sign. (Ill. Rev. Stat. 1973, ch. 110A, § 271.) After the order is signed, the court clerk file stamps it and records the decision in a docket book. The parties are then notified of the disposition of the motion. If the language of Rule 303(a) is strictly construed and read *in pari materia* with Rule 271, then the prevailing party on the motion could prevent the opposite party from appealing by failing to prepare and present a written order to the court for signature and entry. Neither justice nor logic would support this result. Although the circuit court's file stamp on a signed order usually signifies entry of that order, it is our opinion that a dated docket entry of a ruling by the circuit court also constitutes entry of an order disposing of a motion for purposes of Rule 303(a).

■■ In the instant case, the common-law record contains a docket entry that evidences the trial court's ruling on the motion for rehearing on December 16, 1974. Although the usual practice when a court rules on a post-trial motion is for the attorney for the prevailing party to prepare and present to the court the order to be entered, the court can direct otherwise pursuant to Supreme Court Rule 271 (Ill. Rev. Stat. 1973, ch. 110A, § 271). The court in this case entered the order and instructed the clerk to notify the parties of its ruling on the motion for rehearing. Written notice of the ruling, however, does not appear in the record. We are therefore unable to determine whether notice of ruling was in fact sent or otherwise communicated to the parties. The record also does not contain a formal order dismissing plaintiff's motion for rehearing. Thus, we also are unable to determine whether defendants failed to prepare and present to the court such an order for signing or whether plaintiff merely neglected to request that this order be included in the common-

law record on appeal. These unanswered questions notwithstanding, we believe that the signed docket minute not only indicates that the court has ruled on the rehearing motion but also constitutes entry of an order disposing of the motion. The language of the denial of the motion is clear. Consequently, we find that the record sheet entry, which was dated, is an "order" for purposes of Supreme Court Rule 303(a) that disposes of the motion for rehearing. Notice of appeal having been filed within 30 days of this "order," we accordingly have jurisdiction.

The defendants also contend that this appeal should be dismissed because of certain procedural failures in presenting a record on appeal. We agree.

Some 14 witnesses gave conflicting testimony at the hearing regarding the use and location of a driveway between the nursing home and the defendants' residence. The witnesses referred to at least six photographs which were identified as plaintiff's exhibits, but which were apparently never introduced into evidence. They are not contained in either the record or abstract on appeal.

■■ "The record on appeal shall consist of the judgment appealed from, the notice of appeal, and other parts of the trial court record designated in the praecipes. The trial court record includes any report of proceedings and every other document filed and judgment and order entered in the cause. * * *" (Ill. Rev. Stat. 1973, ch. 110A, § 321.) "* * * The report of proceedings shall include all the evidence pertinent to the issues on appeal." (Ill. Rev. Stat. 1973, ch. 110A, § 323(a).) It is the appellant's duty to supply the court on appeal with everything in the record, and an *abstract or excerpts,* necessary to decide the issues presented for review. (*Shaw v. Kronst,* 9 Ill.App.3d 807; *Schwartz v. Moats,* 3 Ill.App.3d 596.) Pertinent portions of the common-law record have been omitted from the abstract of the instant case by the plaintiff. The greater obstacle to the resolution of the issues presented for appeal is, however, the incomprehensibility of the report of proceedings. Fourteen witnesses testified in this case and most of them were questioned regarding specific objects shown in at least six photographs marked for identification as Plaintiff's Exhibits Nos. 1—6. Those photographs were not made part of the record on appeal. There are references in the testimony to a barn, a shed, a garage, a utility pole, a ditch, a lane, a circular driveway, parking lot, an asphalt sealed driveway, a street called Wood Lane, a fence, a fencerow, a row of trees, a hole in the fence, tire tracks, a foot path, a cinder path, an old building, a new building, brush and other objects. It would be difficult to follow the testimony and to determine the location of anything at issue if the record did contain the photographs.

Without them it is impossible. This court can barely tell what the hearing of August 9, 1974 was about, much less decide whether the plaintiff is entitled to introduce newly discovered evidence.

Because the record fails to contain enough evidence to resolve the issues presented for review, we dismiss the appeal pursuant to our authority under Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1973, ch. 110A, § 366(a)(5)).

Appeal dismissed.

EBERSPACHER and KARNS, JJ., concur.