TOM F. RHODES, SR., Plaintiff-Appellee, *v.* RON T. ANDERSON, Defendant-Appellant.

Third District   No. 75-192

Opinion filed June 9, 1976.

Ron T. Anderson, of Moline, for appellant, *pro se.*

Long, Schrager & Phares, of East Moline, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a judgment of the small claims division of the Circuit Court of Rock Island County in favor of plaintiff Tom Rhodes as against defendant Ron T. Anderson, in the sum of $211.10 for services rendered in drawing up floor plans for a house which defendant was contemplating constructing.

It appears from the record that the trial court awarded plaintiff the full amount sought with costs, after both parties appeared *pro se* and argued their cases. Defendant now contends on appeal that the trial court committed error and denied him due process of law in refusing to consider as evidence in support of his position, a small-scale picture or sketch of the house. Anderson's defense in the trial court was that the floor plans prepared by Rhodes differed from the house as shown in the sketch and for that reason he did not feel obligated to pay Rhodes for his services.

No transcript was taken of the proceedings in the trial court, but the parties submitted proposed reports pursuant to Supreme Court Rule 323(c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c)). The trial court certified plaintiff's version with a few minor corrections.

According to the certified report, plaintiff testified that Anderson got in touch with him about drawing up some house plans. Anderson gave him the small-scale picture of the proposed home, with a change in the square footage. Rhodes prepared a preliminary plan. Defendant then suggested reversing the downstairs bedroom and garage. This was accomplished, and defendant approved the new preliminary plans with a few other minor changes. Anderson picked up the final plans and paid plaintiff $188.10 by check, as agreed. That evening, however, Anderson called Rhodes and expressed dissatisfaction with the results as compared with the original sketch, with particular objection to the height of the two-story portion of the house. The parties met and agreed upon certain further alterations to help blend in the one- and two-story parts of the house. Plaintiff prepared new plans to cope with this situation at one-half his hourly rate, which added an additional $23 to the bill which he submitted to Anderson.

A few days later Rhodes found the plans in his mailbox along with a note from Mrs. Anderson saying that the Andersons were still dissatisfied with the appearance of the house and no longer intended to build it. Shortly thereafter Rhodes was also notified by his bank that Anderson had stopped payment on the check for $188.10. Rhodes attempted to have Anderson pay him for services but without success. He then filed the small claims action for the total sum of $211.10 and costs.

The certified report of proceedings also shows that defendant relied upon the fact that the final plans differed from the small-scale picture, and

offered the picture to the trial judge to prove his point. The trial judge stated, however, that Anderson had agreed to, and specifically requested, a number of changes in the house as represented by the sketch, so that he could not now complain that the plans were not like the sketch. The court, therefore, stated that it refused to examine the picture.

Defendant now argues that he was denied due process of law in that he was not given a meaningful opportunity to be heard, since the trial court refused to consider the evidence on which his whole defense rested. We recognize the principle sometime described as "elementary" that "before property or liberty may be taken from an individual he shall have an opportunity to be heard on charges brought against him. This is a rule so universal in its application to all common law, chancery or statutory proceedings that there is general agreement that no court has power otherwise to divest a person of property or punish him." *In re Estate of Rackliffe,* 366 Ill. 22, 26, 7 N.E.2d 754 (1937).

■■■ The opportunity to be heard necessarily includes the right to present evidence if the opportunity is to be meaningful, but due process does not guarantee that the opportunity to be heard will be conducted entirely free from error. It provides, rather, a procedure for the review and correction of such errors as may occur. (*Chicago Land Clearance Com. v. Darrow* (1957), 12 Ill. 2d 365, 369-70, 146 N.E.2d 1.) In this connection it has been held that the refusal to admit evidence, although perhaps error, will not support a reversal on the grounds that due process was denied. (*Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 249-50, 302 N.E.2d 257; *Peoples Gas Light & Coke Co. v. Buckles* (1962), 24 Ill. 2d 520, 530, 182 N.E.2d 169, *cert. denied,* 371 U.S. 185.) This is particularly true when the refused evidence is irrelevant to the issues at hand. As stated in *Old Salem Chautauqua Association v. Assembly of God* (1959), 16 Ill. 2d 470, 477-78, 158 N.E.2d 38:

> "While due process embraces an opportunity to be heard and present evidence relevant to the issues involved, it does not require the admission in evidence of proof which is not germane to the issues made by the pleadings."

In the cause before us, defendant was afforded an opportunity to be heard and an opportunity to appeal the adverse decision and, therefore, the due process of law requirement has been honored. In this case, it is apparent that the trial court ruled correctly in refusing the proffered picture on the ground of relevancy and the defendant had an ample opportunity to present other evidence in his behalf but did not do so. Due process of law is not denied when a party fails to avail himself of the opportunity to be heard after it is offered to him. *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 438-39, 202 N.E.2d 26.

We believe that the small-scale picture was irrelevant because

defendant argued only that the plans prepared by plaintiff differed from the sketch. On the contrary, according to plaintiff's unchallenged testimony, defendant himself ordered numerous deviations from the sketch. As plaintiff points out in his brief, "it is incredible that defendant would request that the plans incorporate substantial changes from the house represented by the picture and then complain that the plans were drawn incorrectly because the house in the plans did not match the house in the picture."

There is no indication that payment by Anderson for plaintiff's services was entirely contingent on whether the plans satisfied the Andersons' fancy. (See *Wolff v. Smith* (1940), 303 Ill. App. 413, 25 N.E.2d 399; 17 Am. Jur. 2d *Contracts* §§366, 367 (1964).) From the record it appears that even if the final plans were not exactly as Anderson contemplated, plaintiff Rhodes nevertheless made a substantial good faith effort to perform his part of the contract and is entitled to the compensation agreed upon for his services.

Defendant Anderson vaguely implies that the plans as furnished differed considerably from his directions to Rhodes, which he interprets as use of the small-scale picture with the requested deviations. If this were so, defendant would have a basis for his defense. He did not, however, present the argument in this fashion to the trial court and as presented to the trial court, the picture itself would not tend to prove this contention without being accompanied by some evidence or challenge as to the changes which Anderson asked Rhodes to make.

■■ Plaintiff testified clearly that he performed under the contractual agreement as requested by defendant. He stated that Anderson apparently changed his mind about wanting to build the house. The mere fact that the plans differed from the home depicted in the sketch would not establish a defense on the part of Anderson since Anderson himself had requested several changes. Without being offered more specific evidence showing the changes other than those authorized by the defendant, the trial court properly refused to admit the sketch in evidence and properly ordered defendant to pay plaintiff's bill, on the basis of the record before us.

We have considered the motion of appellee to strike the report of proceedings, brief of appellant or portions thereof, which we had taken with the case for consideration, but have determined this cause on the merits so that it is unnecessary to act on such motion.

The judgment of the Rock Island County Circuit Court is, therefore, affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.