HENRY WM. LESCHER, Ex'r of the Estate of Ape Lucia St. George, Deceased, Petitioner-Appellee, *v*. ANN ST. GEORGE BARKER, Respondent-Appellant.

First District (4th Division)   No. 77-343

Opinion filed February 2, 1978.—Supplemental opinion filed on denial of rehearing March 23, 1978.

Frank J. Roan and Dennis C. Waldon, both of Roan & Grossman, of Chicago, for appellant.

Henry Wm. Lescher, of Chicago, for appellee, *pro se.*

Mr. JUSTICE LINN delivered the opinion of the court:

Respondent, Ann St. George Barker, appeals from a judgment order entered in the probate division of the circuit court of Cook County compelling respondent to vacate the house of respondent's deceased mother, Ape Lucia St. George. The judgment order was entered pursuant to a complaint for possession filed in the probate proceedings by Henry Wm. Lescher, executor of the estate of Ape Lucia St. George.

Respondent contends that the trial court lacked personal jurisdiction over her and also lacked subject matter jurisdiction and, therefore, the trial court's judgment order should be reversed.

We disagree with the contentions of the respondent and, accordingly, we affirm the decision of the trial court.

On June 30, 1976, Ape Lucia St. George died testate. Immediately thereafter and prior to July 27, 1976, the respondent, one of the three surviving children of the decedent, moved into her mother's unoccupied residence in Wilmette, Illinois.

On July 27, 1976, Lescher, named as executor and trustee under the will of the decedent, filed a petition for probate of the will and for letters testamentary. The petition was allowed. On August 24, 1976, the respondent filed her appearance in the probate proceedings.

On November 17, 1976, the executor filed a supplemental complaint in the probate division seeking possession of the decedent's residence. The complaint alleged, *inter alia,* that the residence was one of the assets of the decedent's estate; that respondent was in possession of the premises; that the executor had often asked the respondent to vacate the premises, but that she had refused to do so; and that it was necessary for the proper administration of the estate that the executor have possession of the residence so that it could be shown to prospective purchasers. Notice of the complaint for possession was mailed to the respondent's attorney of record in the probate proceedings, but no summons was issued or served upon respondent with regard to the complaint for possession.

On November 17, 1976, respondent filed her special and limited appearance objecting to the jurisdiction of the court over her for purposes of the complaint for possession on the grounds that no service of process had been made upon her. The trial court denied respondent's special appearance and found that it had jurisdiction over her. The respondent then filed her answer to the complaint for possession denying the material allegations of the complaint and affirmatively alleging that the complaint failed to state a cause of action under the Probate Act (Ill. Rev. Stat. 1975, ch. 3, pars. 16—1 and 20—1), and that the probate division of the circuit court had no jurisdiction over the respondent, respondent never having been properly served with process.

On December 9, 1976, the trial court entered judgment in favor of the executor for possession of the residence property and ordered the respondent to vacate the premises within three days. On motion of the respondent, the court stayed the enforcement of the judgment order pending the disposition of the case on appeal. The court also ordered the respondent to post bond in the amount of $5,000, representing reasonable rental for the use and occupation of the property. Thereupon, respondent posted bond and proceeded with this appeal.

OPINION

Respondent contends that the executor's complaint fails to state a cause of action granted to the executor under the Probate Act and, thus, the probate division of the circuit court of Cook County lacked jurisdiction of the subject matter of the complaint. This contention is premised on respondent's assertion that the executor's only course of action to acquire possession of real property on behalf of the decedent's estate was to proceed by filing a separate action pursuant to the Forcible Entry and Detainer Act. (Ill. Rev. Stat. 1975, ch. 57, pars. 1 through 22.) Additionally, respondent contends that the probate division lacked personal jurisdiction over her because she was not served with process in connection with the complaint for possession.

■■ Initially, it must be stated that the probate division of the circuit court is a court with subject matter jurisdiction equal to any other division of that court. As divisions of the same constitutional court of general jurisdiction, each division of the circuit court has equal and concurrent subject matter jurisdiction. (*Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 326 N.E.2d 545.) The circuit court was established in its present form by amendment to the judicial article of the Illinois Constitution of 1870, effective January 1, 1964. This amendment was re-enacted into the Constitution of 1970. Section 9 of the Judicial Article of 1964 and 1970 provides: "Circuit Courts shall have original jurisdiction of all justiciable matters * * *." (Ill. Const. 1970, art. VI, §9.) See *People v. Gilmore*

(1976), 63 Ill. 2d 23, 344 N.E.2d 456; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 361 N.E.2d 6; *Biggs v. Health & Hospitals Governing Com.* (1977), 55 Ill. App. 3d 501, 370 N.E.2d 1150; Fins, *Illinois Courts Derive Their Jurisdiction From The Constitution And Their Jurisdictional Authority Is No Longer Dependent Upon Statutes or Pleadings*, 8 Judicial Ad. Newsletter No. 1 (1977).

As stated in *In re Estate of Garrett* (1967), 81 Ill. App. 2d 141, 149-50, 224 N.E.2d 654, 659:

> "Under section 9 of the New Judicial Article (Ill. Const., §9, art. VI) the Circuit Court has unlimited original jurisdiction of all justiciable matters, and the heretofore limited jurisdiction of the Probate Court has now been superseded by the unlimited original jurisdiction of the Circuit Court. Consequently, the complete determination of Article XV proceedings now lie within the competence of the Probate Division of the Circuit Court, subject, to Court Rules. In re Estate of Breault, 63 Ill. App. 2d 246, 270-272 incl., 211 N.E.2d 424 (1965). Plenary actions in the Equity Division of the Circuit Court for an accounting or for the adjudication of title to real estate are not now required. Such actions may proceed in the Probate Division of the Circuit Court."

See also *In re Estate of Tarr* (1976), 37 Ill. App. 3d 915, 347 N.E.2d 69.

Broadly defined, jurisdiction of the subject matter is the power of a particular court to hear the type of case that is then before it. (*Faris v. Faris* (1966), 35 Ill. 2d 305, 220 N.E.2d 210; *Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 326 N.E.2d 545; *Davis v. Davis* (1973), 9 Ill. App. 3d 922, 293 N.E.2d 399.) Because of this almost unlimited constitutional grant of subject matter jurisdiction to the circuit court, we see no basis for the contention that the probate division of the circuit court of Cook County lacked the power to hear and decide matters relating to the possession of real estate in the probate proceeding.

Proceedings to obtain possession of real estate of the decedent are specifically authorized by section 20—1 of the Probate Act. (Ill. Rev. Stat. 1975, ch. 3, par. 20—1.) In relevant part this section states:

> "(a) Except as otherwise provided by subsection (b) of this Section or by decedent's will, every representative shall take possession, subject to the exempt estate of homestead, of all real estate of the decedent during the period of administration and, while retaining possession, (1) shall collect the rents and earnings therefrom, (2) shall keep in tenantable repair the buildings and fixtures, (3) shall pay the taxes, mortgages and other liens thereon in accordance with their terms, (4) may protect the real estate by insurance, (5) may employ agents and custodians and (6) may make all reasonable expenditures necessary to preserve the real

estate. He may maintain an action for the possession of or to determine the title to real estate, except that no action to determine the title to real estate may be commenced without authorization of the court which issued his letters.

(b) The representative may not take possession of real estate or the portion thereof occupied by the heir or legatee thereof as his residence unless otherwise provided by the decedent's will or unless the court at any time finds that possession is necessary for the payment of claims, expenses of administration, estate or inheritance taxes or legacies, the preservation of the real estate, or any part thereof, or the proper distribution of the estate."

This section imposes on the representative of the decedent's estate a legal duty to take possession of the decedent's real estate during the period of administration even though the title to the property is in the heirs or devisees. Until this provision became effective in 1966, the legal representative had only the power to sell the real estate of the decedent to pay debts of the estate. The representative acquired no possessory interest which would have permitted the maintenance of an action for possession of the real estate. *In re Estate of English* (1962), 24 Ill. 2d 357, 181 N.E.2d 111; *Meppen v. Meppen* (1945), 392 Ill. 30, 63 N.E.2d 755.

Section 20—1 of the Probate Act does not prescribe a particular form of action by which a representative must claim possession of assets allegedly belonging to the decedent's estate. It merely authorizes the representative to "maintain an action for the possession of or to determine the title to real estate * * *." We believe that this provision gives the representative the authority to bring an appropriate action for possession in the probate division as part of the probate proceedings.

The probate division has the primary responsibility for overseeing the efficient management and disposition of decedents' estates. (*Berber v. Hass* (1965), 57 Ill. App. 2d 109, 207 N.E.2d 96.) To promote this purpose the Probate Act specifically provides that it "shall be liberally construed to the end that controversies and the rights of the parties may be speedily and finally determined and the rule that statutes in derogation of the common law shall be strictly construed does not apply." Ill. Rev. Stat. 1975, ch. 3, par. 1—9.

■■ Here the complaint for possession was filed against one of the heirs and legatees of the decedent's estate who had previously been made a party to the probate proceedings and had filed an appearance in those proceedings. The complaint alleged that the respondent had repeatedly refused to honor the executor's request that she vacate the property; that it was necessary for the proper administration of the estate that the residence be sold; and that it was necessary that the executor have

possession of the property so that it might be shown and exhibited to prospective purchasers. Thus, the action for possession was authorized by the terms of section 20—1, and it was pursued in a manner which aided the orderly administration of the decedent's estate and avoided the possibility of piecemeal litigation.

The respondent cites several cases as holding that forcible entry and detainer is the exclusive method for acquiring possession of real property. However, these cases merely stand for the proposition that when forcible entry and detainer is the only appropriate form of action the terms of the statute must be followed. See *Fitzgerald v. Quinn* (1896), 165 Ill. 354, 46 N.E.287; *Menagh v. Hill* (1956), 12 Ill. App. 2d 80, 138 N.E.2d 707; *Benjamin v. Allison* (1915), 201 Ill. App. 34.

We are of the opinion that although the Forcible Entry and Detainer Act provides one remedy by which an executor may seek possession of real property in the probate estate, section 20—1 also contemplates an action filed as part of the probate proceedings and in compliance with the terms of the Probate Act. The failure of the executor to comply with the procedural requisites of the Forcible Entry and Detainer Act, particularly, section 5 of that Act dealing with the service of summons, did not deprive the probate division of jurisdiction to proceed in the manner here indicated.

■■ In her brief, respondent also argues that the probate division did not acquire subject matter jurisdiction of the cause because the executor had previously filed a forcible entry and detainer action in the municipal department, second district, of the circuit court of Cook County. Since the record before us lacks any reference to such an action we decline to consider this issue on appeal.

Respondent's contention that the probate division lacked jurisdiction over her person cannot be sustained. Respondent calls the court's attention to Circuit Court Rule 12.2 which provides that the jurisdiction of the probate division in supplemental proceedings will be invoked "by the filing of a petition in the proceeding * * * and by the issuance of process thereon as in other civil cases." (Rule 12.2, Rules of the Circuit Court of Cook County (1976).) However, the Probate Act also expressly provides that the provisions of the Civil Practice Act shall apply to all probate proceedings. (Ill. Rev. Stat. 1975, ch. 3, par. 1—6.) Accordingly, section 20(3) of the Civil Practice Act governing special appearances states: "If the court sustains the objection, an appropriate order shall be entered. Error in ruling against the defendant on the objection is waived by the defendant's taking part in further proceedings in the case * * *." Ill. Rev. Stat. 1975, ch. 110, par. 20(3).

■■ Section 20(3) is clearly applicable to the respondent, who, having

previously filed a general appearance in the probate proceedings, elected to answer the petition for possession on the merits upon the denial of her special and limited appearance. Even if the respondent's special appearance had raised a meritorious objection (and we do not say that it did), in order to preserve the issue of personal jurisdiction respondent was required to stand on her special appearance. By pleading over and filing an answer to the merits of the complaint, respondent waived the personal jurisdiction issue. See *Jordan v. Savage* (1967), 88 Ill. App. 2d 251, 232 N.E.2d 580.

■■ The respondent has failed to demonstrate that the probate division's assertion of jurisdiction over her violated her right to due process of law. The basic requirements of procedural due process are notice and opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. (*Pettigrew v. National Accounts System, Inc.* (1966), 67 Ill. App. 2d 344, 213 N.E.2d 778.) Respondent was a party to the probate proceedings, admits that she had actual notice of the complaint for possession and participated generally in the proceedings by filing an answer to the merits of the complaint. It follows that respondent was accorded the fundamental fairness which due process requires.

For the reasons expressed, we affirm the judgment of the probate division of the circuit court.

Affirmed.

JOHNSON, P. J., and DIERINGER, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE LINN delivered the opinion of the court:

In her petition for rehearing, respondent, Ann St. George Barker, urges this court to reconsider our decision in light of a point raised for the first time at oral argument. It is contended that respondent was denied due process of law by entry of judgment without first providing her an opportunity to present evidence in a trial setting. Although an examination of respondent's additional due process challenge will not affect our holding we will address this particular point for purposes of clarification.

In our opinion, we considered respondent's assertion that the failure of the petitioner to obtain personal service in connection with the complaint for possession and the entry of judgment thereon deprived respondent of due process of law. We answered this contention by holding that, based on the facts in this case, the respondent had been accorded the notice and

opportunity to be heard which due process requires. This holding applies with equal vigor to the contention now raised on petition for rehearing.

Respondent's point that her rights were not adjudicated in an appropriate adversary proceeding and the cases cited in support thereof are not persuasive. As we have stated, the essential elements of due process of law required that a party be given notice, an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case. (*Pettigrew v. National Accounts System, Inc.* (1966), 67 Ill. App. 2d 344, 213 N.E.2d 778.) The record before us indicates that respondent had actual notice of the complaint for possession. She filed a special appearance and upon its denial answered the merits of the complaint. In its order of December 3, 1976, the trial court set December 9, 1976, as the date for the hearing on the executor's complaint for possession. It has not been argued by respondent that she was unaware of the scheduled date for the hearing. However, at oral argument counsel for the respondent stated that he was not in attendance at the hearing held on that date.

■■ It is the responsibility of the appellant to supply the court on appeal with everything in the record necessary to decide the issues presented for review. (*Heritage Shelter Care Home, Inc. v. Miller* (1975), 31 Ill. App. 3d 700, 334 N.E.2d 355.) The record before us indicates that no motion to vacate was filed nor other steps taken in the trial court to challenge the judgment on the ground that the respondent had not been afforded the appropriate opportunity to be heard. Due process of law is not denied when, as here, a party fails to avail herself of the opportunity to be heard after it is offered to her. *First Lien Co. v. Markle* (1964), 31 Ill. 2d 431, 202 N.E.2d 26; *Rhodes v. Anderson* (1976), 39 Ill. App. 3d 208, 349 N.E.2d 113.

Since this issue does not affect the outcome of this case, the judgment of the trial court stands as stated in our opinion and the petition for rehearing is denied.

JOHNSON, P. J., and DIERINGER, J., concur.