THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARVIN SHLENSKY *et al.*, Defendants-Appellees.

First District (5th Division)   No. 82—85

Opinion filed September 23, 1983.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Shapiro, and Edward Barron, Assistant State's Attorneys, of counsel), for the People.

Elliot Samuels, of Chicago, for appellee Marvin Shlensky.

Sam Adam, of Chicago, for appellee Lawrence Lerner.

PRESIDING JUSTICE WILSON delivered the opinion of the court:

Following a bench trial (hereinafter referred to as the original trial), defendant Marvin Shlensky, a pharmacist, was acquitted of the offenses of illegal delivery of controlled substances and unauthorized possession of triplicate prescription blanks. Defendant Lawrence Lerner, a physician, testified at the original trial as a rebuttal witness for the State and also on Shlensky's behalf. Approximately one year after the acquittal, Shlensky and Lerner were jointly indicted for: (a) perjury (Ill. Rev. Stat. 1979, ch. 38, par. 32—2(a)), based upon statements made while under oath during the original trial; (b) obstruction of justice (Ill. Rev. Stat. 1979, ch. 38, par. 31—4(a)), based upon their alleged attempts to conceal the delivery of controlled substances without a prescription; and (c) conspiracy (Ill. Rev. Stat. 1979, ch. 38, par. 8—2(a)), based upon their agreement to knowingly furnish false information which tended to obstruct the prosecution of Shlensky. The trial court granted Shlensky's motion to dismiss on collateral estoppel grounds and granted Lerner's motion to dismiss on the ground that Lerner had been denied his right to due process in the original trial. The State appeals. For the following reasons, we affirm the trial court's judgment as to Shlensky and reverse the judgment as to Lerner and remand the cause with instructions to proceed on the merits of the charges brought against Lerner only.

While the record before this court does not include a report of the proceedings of the original trial, it does contain the indictments filed against defendants in the present action which include quotations from Shlensky's and Lerner's testimony at the original trial upon which the charges of perjury, obstructing justice and conspiracy are predicated. Specifically, the testimony at issue concerns alleged deliveries of controlled substances made on November 26, 1975, and December 13, 1975, to Wilson Pierce, *alias* Bobby Wilson, an agent for the Illinois Department of Law Enforcement. At the original trial, Shlensky identified written prescriptions for a drug commonly known as Ritalin as those presented to him by Bobby Wilson on the respective dates and signed by Dr. Lerner. Subsequently, when called as a rebuttal witness by the State, Lerner corroborated Shlensky's testimony by identifying the prescriptions as those written by him for Bobby Wilson on November 26, 1975, and December 13, 1975. The State followed Lerner's rebuttal testimony with that of two impeachment witnesses who testified that the prescriptions in evidence could not have been written by Lerner on the dates in question. After the State rested its case, defendant Shlensky called Lerner to the stand

to testify on Shlensky's behalf, at which time Lerner attempted to rebut the State's impeachment evidence and explain how the prescriptions could have been written on the dates indicated. Subsequently, the trial court acquitted Shlensky of all charges. In doing so, the court specifically commented on the lack of credibility of Wilson Pierce, the State's main witness.

Approximately one year later, the State indicted Shlensky and Lerner for the offenses of perjury, obstructing justice and conspiracy, predicated on testimony given by each at the original trial. In response, Shlensky filed a motion to dismiss based on collateral estoppel and Lerner filed a motion to dismiss based upon collateral estoppel, entrapment and denial of procedural due process. In regard to Shlensky's motion, the State argued that because the trial court's finding in the original trial was limited to the credibility of the prosecution's main witness, the issue of authenticity of prescriptions was never decided. Therefore, because proof that Shlensky perjured himself when testifying at the original trial regarding the authenticity issue would not be inconsistent with the judgment as to Pierce's credibility entered at the original trial, the present action was not barred by the doctrine of collateral estoppel.

With respect to Lerner's motion, the State argued that: (a) Lerner was properly called as a rebuttal witness to explain evidence used by defendant, and (b) entrapment is not recognized by Illinois statutory law as a ground for dismissal of an indictment. Thereafter, the trial court granted Shlensky's motion on collateral estoppel grounds and Lerner's motion on violation of due process grounds.

OPINION

We shall first address the State's contention that because the trial court's finding in the original trial was limited to the credibility of the prosecution's main witness, the charge of perjury with respect to statements made by Shlensky at the original trial concerning authenticity of drug prescriptions is not barred by collateral estoppel.

■ Initially, we note that the very premise upon which the State bases its collateral estoppel argument is inaccurate. While it appears from that portion of the original trial's proceedings which is before this court that the trial judge, in his findings of fact, emphasized the lack of credibility of the prosecution's main witness, that emphasis does not metamorphose a finding of fact regarding the credibility of nonparty witness into a final judgment. Credibility was simply one factor considered by the trial court and articulated as a finding of fact. Because the trial court chose to state a primary reason for his

judgment in no way limits the extent of the vital matter of the judgment which was Shlensky's acquittal of charges for illegal possession and distribution of controlled substances. Accordingly, we concur with the following analysis made by the trial court regarding the State's attempt to elevate a finding of fact to a final judgment:

> "A judgment is broader and deeper than the State's conception of a judgment. A judgment of acquittal is full and complete. It is a finding that the State has not prevailed in the litigation. *** The State cannot thereafter retrace its steps, prowl back into the litigation, pull out separate issues not referred to by a Judge in observations made at the time of rendering judgment and upon these selected issues build a new indictment.
>
> If this were possible there would be no end to criminal litigation."

■ Having determined that the issue of illegal possession and distribution of controlled substances by Shlensky was fully litigated in the original trial, we turn next to the issue of whether the doctrine of collateral estoppel bars a perjury prosecution for comments made during the original trial.

Both *res judicata* and collateral estoppel are corollaries of the Federal Constitution's fifth amendment prohibition against subjecting a defendant to jeopardy twice for the same criminal actions. *Res judicata* refers to the extinguishment of a claim or cause of action once it has been fully litigated. (*People v. Bone* (1980), 82 Ill. 2d 282, 287, 412 N.E.2d 444.) Collateral estoppel, on the other hand, applies to a specific issue which has been fully litigated. (*Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.) An essential element to the application of collateral estoppel is the presence of a valid and final determination of an issue of ultimate fact. (*People v. Hipkins* (1981), 97 Ill. App. 3d 174, 179, 423 N.E.2d 208.) In this regard, finality means that the potential for appellate review has been exhausted. (*People v. Carmack* (1982), 103 Ill. App. 3d 1027, 1036, 432 N.E.2d 282.) In applying the doctrine of collateral estoppel, courts are obliged to look at the record with "realism and rationality" in order to determine which factual questions have been decided. In this regard, the inquiry must be made within a practical framework and viewed with an eye to all the circumstances of the proceedings. (*People v. Ward* (1978), 72 Ill. 2d 379, 384, 381 N.E.2d 256.) In *Ward*, a recent Illinois Supreme Court decision dealing with collateral estoppel in the context of a perjury trial, the defendant was convicted of burglary, but the trial court granted a new trial on the ground that there was insufficient evidence to support the verdict of the jury. Al-

though the burglary case was dismissed without a new trial, defendant was subsequently indicted for perjury based upon his testimony during the burglary trial. The supreme court found that the order granting a new trial necessarily entailed a determination that the defendant had not entered the building with intent to steal, and that proof that defendant had perjured himself would be inconsistent and contradictory to that determination. As a result, prosecution of defendant for perjury based upon his denial was barred by collateral estoppel.

In accordance with the principles governing application of the doctrine of collateral estoppel, we have no doubt that the trial court's order of acquittal in the original trial necessarily entailed a determination that the State had not proved the charges brought against Shlensky beyond a reasonable doubt. This conclusion necessitates our further determination that proof that defendant Shlensky had perjured himself in the original trial would be "inconsistent and contradictory" to the acquittal. Thus, the indictments charging Shlensky with perjury, obstructing justice and conspiracy must be construed as indirect attempts to relitigate the drug-related charges. Accordingly, we hold that defendant Shlensky's prosecution for the pending charges is barred by operation of the doctrine of collateral estoppel and its statutory embodiment in section 3—4(b)(2) of the Criminal Code of 1961. Ill. Rev. Stat. 1979, ch. 38, par. 3—4(b)(2).

Next, fully cognizant of the fact that defendant Lerner did not file a brief with this court nor appear during oral argument, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we shall nevertheless proceed to address the State's contention that defendant Lerner was not denied due process of law when the prosecution, knowing Lerner's testimony might be false, called him as a rebuttal witness at the original trial.[1]

Preliminarily, we recognize the principle frequently described as "elementary" that before an individual can be deprived of property or liberty, he shall have an opportunity to be heard on charges brought against him. This rule has universal application to all common law, chancery, and statutory proceedings. (*Rhodes v. Anderson* (1976), 39 Ill. App. 3d 208, 210, 349 N.E.2d 113.) As indicated, this constitutional principle can be invoked only by one who has had "charges

---

[1]Additionally, we note that defendant Lerner's attempt to adopt the brief of defendant Shlensky was an exercise in futility as Shlensky's collateral estoppel argument is not applicable to Lerner, a nonparty witness in the original action.

brought against him." If anything is truly elementary about the right to due process, it is the prerequisite that the person alleging denial of due process be a party to the action. In the case at bar, Lerner was not a party in the original action; he was merely a nonparty witness. Consequently, he lacks standing to assert a violation of due process rights in that action. While we agree with the trial court that the State's use of Lerner as a rebuttal witness at the original trial was improper, such procedural impropriety regarding a nonparty witness does not rise to the level of a due process violation. See *Chicago Land Clearance Com. v. Darrow* (1957), 12 Ill. 2d 365, 369-70, 146 N.E.2d 1.

■ Regarding the State's argument that Lerner was not entrapped into perjuring himself during the original trial, a review of the record indicates that the trial court did not dismiss the charges against Lerner on the basis of entrapment as the State would have us believe. Rather, the trial court stated:

"Doctor Lerner was not entrapped in the technical sense but he was decidedly ensnared.

\* \* \*

Doctor Lerner has been denied due process of law as guaranteed him by our Constitutional doctrine."

Clearly, the trial court recognized that the elements of entrapment had not been sufficiently established (see *People v. Ricker* (1970), 45 Ill. 2d 562, 572, 262 N.E.2d 456; Ill. Rev. Stat. 1979, ch. 38, par. 7—12) and, thus, resolved the issue on due process grounds. Because the record is void of any evidence that defendant Lerner was coerced by the prosecution into testifying as he did at the original trial, we concur with the trial court's conclusion that Lerner was not entrapped. We further conclude that there is no evidence of a due process violation in the present case, and the trial court erred in dismissing the charges against defendant Lerner on that ground.

For the foregoing reasons, we affirm the judgment of the trial court as to defendant Shlensky and reverse the judgment as to defendant Lerner and remand the cause for a trial on the merits of the charges brought against defendant Lerner only.

Affirmed in part; reversed and remanded in part.

SULLIVAN and MEJDA, JJ., concur.