187 Ill. App.3d 41 (1989)
542 N.E.2d 1323
In re R.M.S., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
T.S., Respondent-Appellant).
No. 5-88-0115.
Illinois Appellate Court  Fifth District.
Opinion filed August 15, 1989.
Stanley P. Stasiulis, of Effingham, for appellant.
Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Order affirmed.
*42 JUSTICE RARICK delivered the opinion of the court:
Respondent, mother of R.M.S., a minor, appeals from the order of the circuit court of Effingham County terminating her parental rights.
R.M.S. was born in March of 1985. By June a petition for shelter care hearing had been filed alleging the child was abused by reason of her failure to thrive. After several hearings, various petitions, and psychiatric evaluations, the trial court entered an order on October 27, 1987, finding respondent to be an unfit person as defined in section 1(D) of the Adoption Act (Ill. Rev. Stat. 1985, ch. 40, par. 1501(D)) based upon her failure to protect the child from conditions within her environment injurious to her welfare and her inability to discharge her parental responsibilities due to her mental retardation. Although the docket minutes clearly stated respondent's parental rights were terminated, the order of October 27 failed to include such a statement. An amended order was entered expressly terminating parental rights on April 28, 1988.
Respondent argues on appeal the October 27 order did not terminate her parental rights, and as a result, the seven-month delay in filing an amended order violated her due process rights. She further contends the record is unclear as to what statutory grounds were relied upon in terminating her rights. According to respondent, the court, in enumerating the grounds for unfitness, specifically referred to certain grounds which it already had stricken for insufficient evidence. Respondent also believes the record does not support either order.
 1, 2 In reviewing a case involving the termination of parental rights, in order to uphold the trial court's determination, we must find clear and convincing evidence on the record that respondent is an unfit parent. (In re Tolbert (1978), 62 Ill. App.3d 927, 930, 378 N.E.2d 565, 568.) We believe such a record exists here. It is clear that respondent loves her daughter and wishes to take care of her. She has attempted to comply with all requirements set for her and has repeatedly tried to learn how to care for her child, yet she has been unable to learn such elementary skills as feeding and diapering. While the effort and desire is there, the ability simply is not. Respondent, a resident of a group home, with an IQ of 65 and problem-solving skills at the level of a seven- or eight-year-old, is barely able to meet her own basic needs, let alone those of a young child. It goes without saying that a parent certainly can be unfit without fault. (In re Devine (1980), 81 Ill. App.3d 314, 319-20, 401 N.E.2d 616, 620-21.) Such is the case here. While we recognize respondent's love for and her efforts *43 and desire to raise her child, the paramount issue, nevertheless, is the best interests and welfare of the child. As we have noted before: "A child is no less exposed to danger, no less dirty or hungry because his parent is unable rather than unwilling to give him care." (Devine, 81 Ill. App.3d at 320, 401 N.E.2d at 621. See also Tolbert, 62 Ill. App.3d at 930-31, 378 N.E.2d at 568.) We therefore find the record clearly and convincingly supports the trial court's determination that respondent is unfit based on her failure to protect the child from conditions within her environment injurious to the child's welfare and on her inability to discharge parental responsibilities as a result of mental retardation. It matters not that the child is no longer in the mother's environment, living in a foster home under proper care, for it is ultimately the parent's fitness that is at issue. Because the evidence of respondent's unfitness is uncontradicted, we have no choice but to affirm the trial court's decision.
 3 We do agree with respondent there is some confusion initially on the record as to which statutory grounds the trial court relied upon in making its determination of unfitness. In referring to the grounds on which it was basing its termination order, after setting forth the appropriate language, the court inadvertently mislabeled these grounds with the two subparagraph letter designations it had previously dismissed. The assistant State's Attorney pointed out this error, and the trial court attempted to correct the misdesignations. The court then stated: "Now I'm not going to clarify it any further because I just didn't refer to it by subsection. I cited the terminology of those subsections * * *." Any confusion therefore was obviated. Under such circumstances, we cannot say the grounds upon which the unfitness determination was based are unclear requiring reversal. Nor do we find any reversible error in the lack of express language terminating respondent's parental rights in the written October 1987 order. It is true this written order inadvertently omitted such language, but the extensive docket minutes did not. Respondent certainly could have appealed from the order as entered in the record sheet, especially when the trial court specifically stated the lengthy docket entry was to serve as a guide to the parties. (See Heritage Shelter Care Home, Inc. v. Miller (1975), 31 Ill. App.3d 700, 703, 334 N.E.2d 355, 358.) Any delay in the entry of a formal written order terminating her parental rights, therefore, was not prejudicial, and certainly was not a denial of her due process rights. (See People v. Lawson (1977), 67 Ill.2d 449, 458-59, 367 N.E.2d 1244, 1248-49.) Respondent was not even the one who brought the issue of a possible lack of an appealable order to the trial court's attention. In any event, nothing in the delay of *44 filing a corrected order warrants returning a minor to an unfit parent when the primary concern is the welfare of the child.
For the aforementioned reasons, we affirm the order of the circuit court of Effingham County terminating respondent's parental rights.
Affirmed.
WELCH, P.J., and GOLDENHERSH, J., concur.