**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190227-U

Order filed August 4, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| JUAN NESBIT, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-19-0227 |
| | ) | Circuit No. 15-L-126 |
| CONNIE MOORE, | ) | |
| | ) | Honorable Michael P. McCuskey, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The trial court erred by granting defendant's section 2-615 motion to dismiss plaintiff's complaint with prejudice.

¶ 2     In June 2015, plaintiff filed a complaint, captioned 15-L-126, for damages and/or other relief against defendant. Plaintiff alleged when his mother died on June 30, 2014, leaving plaintiff as her only legal heir, defendant misappropriated property plaintiff inherited through intestate succession. Two years later, in August 2017, defendant retained counsel and filed a motion to dismiss plaintiff's complaint with prejudice under section 2-615 of the Code of Civil

Procedure (Code), 735 ILCS 5/2-615 (West 2016), arguing plaintiff failed to state a cause of action for which relief could be granted by a judge in the law division of the circuit court. In 2019, the trial court granted defendant's motion to dismiss with prejudice. Plaintiff appeals.

¶ 3                                     I. BACKGROUND

¶ 4        Plaintiff, Juan Nesbit, was an inmate of the Illinois Department of Corrections (IDOC) when his mother, Sonja E. Nesbit, died intestate on June 30, 2014. On June 2, 2015, plaintiff filed a *pro se* complaint, captioned 15-L-126, seeking damages and/or other relief from his maternal aunt, defendant, Connie Moore. Plaintiff alleged that after Sonja died intestate, defendant, without plaintiff's consent as Sonja's only legal heir, misappropriated personal property inherited by plaintiff from Sonja under section 2-1(b) of the Probate Act of 1975, 755 ILCS 5/2-1(b) (West 2014). After Sonja's death, defendant, without legal authority, allegedly "took it upon herself to take over Sonja['s] *** estate," "deliberately kept property of Sonja *** rightfully belonging to the plaintiff," "gave away what property *** she didn't desire to keep for herself," and "schemed and attempted to keep insurance money meant for" plaintiff.

¶ 5        Plaintiff's complaint, which included a bill of particulars, requested an accounting of defendant's distribution of Sonja's personal property. In addition, plaintiff requested $57,800 in damages for the value of Sonja's misappropriated personal property. Alternatively, plaintiff requested that defendant be ordered to return this personal property to him, Sonja's only legal heir. Defendant was served with plaintiff's complaint on February 1, 2016.

¶ 6        Plaintiff filed a motion for default judgment on March 2, 2017, which was denied on August 10, 2017. Thereafter, an attorney entered an appearance on behalf of defendant and filed a motion to dismiss plaintiff's complaint with prejudice under section 2-615 of the Code.[1]

---

[1]Plaintiff filed two prior motions for default judgment, which were also denied because defendant eventually appeared *pro se*.

Defendant argued in her section 2-615 motion to dismiss that plaintiff, as a convicted felon, lacked standing to administer Sonja's estate. On this basis, defendant also alleged she owed no duty to plaintiff and maintained that plaintiff was unable to state a cause of action.

¶ 7     Plaintiff filed a response to defendant's motion to dismiss on September 5, 2017, asserting that the action he initiated did not involve the administration of an estate at all. Plaintiff averred that, at the time of Sonja's death, "there were no debts or claims against the estate and hence no need to appoint an administrator." Further, according to plaintiff's response, Sonja's "personal property vest[ed] immediately in the heir," plaintiff, whose "financial interest or property right *** [could] not be effected by his current status as an [*sic*] convicted felon." In his response, plaintiff also argued defendant "had custody and control of [Sonja's] personal property, since the decedent had no will." As such, directing attention to sections 16-1 and 1-2.11 of the Probate Act of 1975, plaintiff argued he sufficiently pled a cause of action to compel defendant to return Sonja's personal property, which belonged to plaintiff upon her death.

¶ 8     Defendant's reply, filed on September 20, 2017, admitted plaintiff "describe[d] probate and intestate inheritance fairly accurately." However, defendant submitted that plaintiff was requesting for the trial court to "act as a court sitting in probate and to allow [him] to proceed as both administrator and heir of decedent's estate ***, since [p]laintiff [wa]s unable to proceed in an actual probate action." In defendant's view, "the statutory discovery section [of the Probate Act of 1975] can[not] be used outside of an estate administration in probate court" and "does not provide a private cause of action in law or equity for a potential heir to file a civil action." Defendant urged the trial court to find plaintiff was without "legal right or standing to pursue ownership over, or discovery of, estate property outside of the statutory estate process."

¶ 9 On December 11, 2017, before the resolution of defendant's section 2-615 motion to dismiss, plaintiff filed a motion for citation of assets on behalf of Sonja's estate under section 16-1 of the Probate Act of 1975. About one month later, on January 16, 2018, plaintiff wrote a letter to the "clerk of courtroom 214" seeking information about the status of this lawsuit.

¶ 10 On February 23, 2018, the trial court entered an order indicating all pending motions would be taken under advisement. The trial court stated, "the delay in this case has been ossasioned [*sic*] by recent trials and the crush of motions from the many medical malpractice cases pending in this Court."[2] While the matter was under advisement, plaintiff, on July 30, 2018, filed a petition to issue letters of administration under section 9-4 of the Probate Act of 1975, 755 ILCS 5/9-4 (West 2018), seeking to nominate his niece, Lana Herron, administrator of Sonja's estate. Plaintiff subsequently amended this petition to correct Lana's name and address.

¶ 11 On February 28, 2019, the trial court entered an order granting defendant's section 2-615 motion to dismiss plaintiff's complaint with prejudice. The trial court stated:

"Plaintiff *** filed his Complaint in the Law Division of Peoria County Circuit Court. All of the Plaintiff's motion's [*sic*] in this case discuss the death of his mother *** who died *** leaving no Last Will and Testament. No Probate proceeding in Peoria County has been filed by anyone. The Defendant *** filed a Motion to Dismiss on Audust [*sic*] 9, 2019 ***. The Defendant argues that the Plaintiff is trying to convert this case into a Probate case without filing the matter in the Probate Court because Plaintiff is an incarcerated felon who is disqaulified [*sic*] for acting as Administrator of his mothers [*sic*] estate. Further proof of that argument is the fact *** Plaintiff has filed with the Court 1) Plaintiff's Motion for

_____

[2]Plaintiff prematurely filed an appeal on March 2, 2018, which was dismissed by this court on April 18, 2018.

4

Citation *** and 2) Motion to Amend Petitioner's Petition to Issue Letters of Administration and *** 3) a filing *** for Descent & Distribution. The Court now grants the Defendants [*sic*] Motion to Dismiss with prejudice in the Law Division case. If Plaintiff wishes to proceed on his Probate claims against the Defendant he must properly bring them in the Probate Court of Peoria County."

¶ 12    On April 26, 2019, plaintiff filed an untimely notice of appeal. This court allowed plaintiff to file a late notice of appeal on May 15, 2019.

¶ 13                                    II. ANALYSIS

¶ 14    Initially, defendant has forgone her right to file a brief on appeal. Under these circumstances, according to the decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, we have "three distinct [and] discretionary options," which include: (1) if justice requires, advocating for defendant or searching the record to sustain the trial court; (2) deciding the merits if the record is simple and the issues are easily decided; or, (3) reversing the trial court for *prima facie* error supported by the record. See 63 Ill. 2d 128, 133 (1976); *Steiner Electric Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 76. Here, the third option dictates our review. See *Talandis*, 63 Ill. 2d at 133; *Steiner*, 2016 IL App (1st) 132023, ¶ 76.

¶ 15    On appeal, plaintiff argues the trial court erroneously concluded that plaintiff was "trying to convert this case into a Probate case without filing the matter in the Probate Court." Plaintiff believes his complaint was "sufficient enough to properly assign his [case] *** to the Probate Court in the beginning." Alternatively, plaintiff asserts that if the trial court felt the matter belonged in the probate division, then the trial court "could have chose [*sic*] to continue to hear [his] claim or, by its own motion, re-assigned [his] case."

5

¶ 16        Under section 9 of article VI of the Illinois Constitution of 1970, the circuit courts, with two exceptions that are inapplicable here, "shall have original jurisdiction of all justiciable matters." Ill. Const. 1970, art. VI, § 9. The legislature may create "justiciable matters" by creating "rights or duties," but the legislature may not limit the circuit court's original jurisdiction to hear "justiciable matters." See *id*.; *In re Estate of Gebis*, 186 Ill. 2d 188, 192 (1999). Further, "as part of the same constitutional court of general jurisdiction, each circuit court has equal and concurrent subject matter jurisdiction." *Board of Trustees of Community College District No. 508 v. Rosewell*, 262 Ill. App. 3d 938, 957 (1992); accord *Lescher v. Barker*, 57 Ill. App. 3d 776, 778 (1978). The circuit courts may have various divisions, but "th[ose] divisions are not considered jurisdictional" and all distinctions between them have been abolished. *Rosewell*, 262 Ill. App. 3d at 957; See also *Djomlija v. Urban*, 107 Ill. App. 3d 960, 968 (1982); *Lescher*, 57 Ill. App. 3d at 778.

¶ 17        As was recently noted by the Fourth District, "[t]he allocation of judicial responsibilities to various divisions of a circuit court does not impose barriers to jurisdiction but rather reflects a concern for administrative convenience." *Lisk v. Lisk*, 2020 IL App (4th) 190364, ¶ 25 (quoting *In re Marriage of Devick*, 315 Ill. App. 3d 908, 913 (2000)). Likely, for this reason, in *Djomlija*, the First District rejected the argument "that the declaratory judgment action was erroneously transferred to the chancery division rather than the law division" of Cook County. *Djomlija*, 107 Ill. App. 3d at 968. As alluded to above, that argument "overlook[ed] the fact that under the Illinois Constitution of 1970, the distinction between courts of law and equity was abolished." *Id*.

¶ 18        Moreover, under Illinois Supreme Court Rule 132 (eff. Jan. 4, 2013) "[e]very complaint or other document initiating any civil action or proceeding shall contain in the caption the words 'at law,' 'in chancery,' 'in probate,' 'small claim,' or other designation conforming to the

organization of the circuit court into divisions," but a "[m]isdesignation shall not affect the jurisdiction of the court." Thus, "the filing of an action or proceeding in the wrong division does not affect the jurisdiction of a judge in that division to hear and decide the misfiled matter." *Knudsen v. Arlington Heights Federal Savings and Loan Ass'n*, 100 Ill. App. 3d 1088, 1091 (1981); See also *Alfaro v. Meagher*, 27 Ill. App. 3d 292, 296 (1975) ("Since both the probate division and the law division are therefore simply divisions of the same constitutional court of general jurisdiction, it follows necessarily that both of these tribunals could have had equal and concurrent subject matter jurisdiction over the matter of the appointment of the administrator.").

¶ 19    Even if plaintiff's "filing of an action or proceeding" should have been designated and filed "in probate," as was true in *Knudsen*, the trial judge in the law division, despite the "misdesignation" as case No. 15-L-126, "had jurisdiction to hear and decide the matter." See *Knudsen*, 100 Ill. App. 3d at 1091; Ill. S. Ct. R. 132 (eff. Jan. 4, 2013). We note plaintiff's case was pending in the law division for nearly four years before being dismissed, not on the merits of plaintiff's claims, but on a technicality related to the division of the circuit court in which plaintiff's complaint was filed. See *Knudsen*, 100 Ill. App. 3d at 1091. It is true, though, the multiyear delay in this case was occasioned by a combination of plaintiff's improper service, defendant's failure to appear or file responsive pleadings while avoiding the entry of a default judgment, and the trial court's ever-expanding case load.

¶ 20    Nonetheless, by deciding not "to hear and decide the matter," or, alternatively, to allow plaintiff at least one opportunity to amend the complaint and attempt to state a cause of action suitable for consideration in the law division or to support a request to transfer the complaint to the probate division of the circuit court, we conclude the third "distinct [and] discretionary" option identified in *Talandis* and its progeny require a reversal. See *id*.; *Talandis*, 63 Ill. 2d at

7

133; *Steiner*, 2016 IL App (1st) 132023, ¶ 76. We do not, however, reach the merits of plaintiff's claims or make a determination as to the division of the circuit court that should preside over plaintiff's lawsuit. Instead, we vacate the trial court's order dismissing plaintiff's complaint with prejudice and remand the case for further proceedings.

¶ 21                                    III. CONCLUSION

¶ 22          The judgment of the circuit court of Peoria County is vacated and remanded.

¶ 23          Vacated and remanded.